S. E. BEACH, *Treas., &c.*, v. JOHN SHOENMAKER, *Trustee, &c.*

INJUNCTION, RESTRAINING TAXES; *What Decree is void.* Where in an action brought by the owner of a tract of land to restrain the county treasurer from making sale of said tract for the taxes of a specified year, the only ground of relief stated in the petition is a *present use* for religious and charitable purposes, the only tax referred to is the *tax of the given year*, the only party defendants *the county treasurer*, and the only prayer for relief the enjoining of the sale *for taxes of that year*, except the general prayer for such other and further relief as may be just and proper, a decree restraining defendant and his successors in office, not only from any proceedings to collect the tax of the given year, but also forever thereafter from attempting to collect any subsequent tax upon the said tract, is void as to such subsequent taxes, and may be vacated at any time, on motion by the general representatives of the county.

*Error from Neosho District Court.*

JOHN SHOENMAKER, Trustee for the Society sustaining the Catholic Mission, as plaintiff, prosecuted to final judgment an action against *Beach*, as treasurer of Neosho county. The character of the judgment or decree entered in such action, and the subsequent proceedings regarding the same, will fully appear from the opinion, *infra*. The motion to

vacate such decree was overruled at the April Term 1875 of the district court. The *Board of Commissioners,* and *Chas. Coffin,* the successor of *Beach* as treasurer, appeal, and bring the record here for review.

*Allen & Allen,* for plaintiffs in error.

*Hutchings & Denison,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: In July 1871 the defendant obtained a perpetual injunction enjoining the plaintiff in error, as treasurer of Neosho county, and his successors in office, from selling certain lands belonging to said defendant in error for the taxes of 1868, or any taxes that might thereafter be assessed by the authority of the state, or any municipal corporation. No exception was taken to this judgment, and no proceedings had to reverse it. More than three years thereafter, the plaintiff in error, his successor in office, and the county commissioners, filed a motion to vacate and set aside such judgment as void either *in toto,* or as to so much as purported to restrain any sales for taxes for the years subsequent to 1868. This motion was overruled, and this ruling is the error alleged.

An examination of the petition discloses the fact, that in it there is no reference to any other taxes than those of 1868, no claim for relief based upon other than a present use of the property for religious, charitable, educational and benevolent purposes, and no prayer for relief beyond the taxes of 1868, except the general prayer "for such other and further relief in the premises as may be just and proper." In other words, while the only matter presented in the pleadings was the taxes of 1868, and the only party defendant the then acting treasurer of the county, the court by its decree attempted to bind the county, and all municipal authorities, forever, and as to all subsequent taxes. We think the decree was, as to everything except the taxes of 1868, void, and that it should have been set aside by the court upon the

motion filed. The county treasurer is not the general representative of the county. He represents it only so far as the taxes which he is authorized to collect are concerned. He cannot bind it as to future taxes, nor can a decree as against him bind the county as to taxes other than those he is authorized to collect. As well attempt, when a sheriff holding an execution is sought, by injunction brought by the defendant in the execution, to be restrained in making a sale thereunder, and is the only party defendant, to add an injunction restraining the plaintiff in the action from ever thereafter bringing suit against the defendant, or attempting to collect any other judgment against the defendant. Such a decree would be void as to anything except the present execution. The sheriff is not the general representative of the plaintiff in the execution. Neither is the county treasurer the general representative of the county. A decree against him binds only the taxes he is authorized to collect, and cannot bind the county as to all future·claims it may have for taxes. The judgment therefore, so far as it attempted to bind the county as to future taxes, was void, and "a void judgment may be vacated at any time on motion of a party, or any person affected thereby." Gen. Stat. p. 744, § 575.

The ruling of the district court will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.