MOSES NEAL v. JOHN L. REYNOLDS, *et al.*

1. ACTION—*Local Cause, no Blending with Transitory Cause.* A party who seeks to rescind a contract for the exchange of real estate, by an action instituted in the county in which the real estate is situated, against persons who reside in another county, cannot, after they have been summoned and appear in the action, amend his petition by adding thereto a second cause of action for damages for the breach of the covenants of warranty, and thus blend a local with a transi-

tory cause of action. He must be confined to the cause of action which authorizes such a service by summons.

2. RESCISSION — *Contract to be Set Aside in toto.* In an action brought to rescind a contract for the exchange of real estate, the real property, the subject-matter of the action, must be in such condition that the contract can be set aside *in toto*, and both parties restored to the same relation respecting the property they occupied before the contract was made.

### Error from Allen District Court.

THE opinion states the material facts. At the June Term, 1885, the court sustained the motion of defendants to strike out and dismiss the second cause of action inserted in plaintiff's amended petition. Afterward the defendants demurred to the first cause of action in said petition, for the following reasons:

"1. Because so far as said first cause of action alleges facts, and to recover a judgment for money only, the court has no jurisdiction of the persons of defendants, said defendants not residing in nor having been summoned in the county of Allen.

"2. Because the plaintiff shows by his petition that he cannot rescind *in toto*, he returning to defendants all of the property received by him.

"3. Because said first cause of action does not states facts sufficient to constitute any cause of action against defendants, or either of them."

This demurrer the court sustained as to the first and third grounds stated therein, and overruled it as to the second ground thereof. The plaintiff excepted, and has brought the case to this court.

*G. A. Amos,* and *L. W. Keplinger,* for plaintiff in error.

*C. F. Hutchings,* for defendant in error.

Opinion by SIMPSON, C.: Two assignments of error are strongly insisted on; the first being the ruling on the motion to strike out and dismiss the second cause of action set out in the amended petition, and the other being the ruling sustain-

28 — 38 KAS.

ing the demurrer to the first cause of action alleged in the amended petition.

I. The action as originally commenced in the district court of Allen county was one to rescind a real-estate contract, whereby the plaintiff in error exchanged real estate situated in the city of Humboldt, in Allen county, for farming land situated in the state of Missouri. The plaintiff in error (plaintiff below) was a resident of Allen county; the defendants were residents of Lawrence, Douglas county. The exchange had been consummated by the execution of warranty deeds to the property by each of the parties, long before the action was commenced. The action was properly instituted in Allen county, because a part of the property exchanged is situated in that county, (Code, § 46;) and a summons for the defendants issued to and was served by the sheriff of Douglas county. (Code, § 60.) The defendants appeared and filed a demurrer to the petition, but that was overruled, and they then filed an answer. The plaintiff then obtained leave to file an amended petition, and in accordance therewith amended his cause of action for a rescission of the contract, and then added an entirely new cause of action, demanding damages for a breach of the covenants of warranty in the deed by which the defendants conveyed the Missouri lands to the plaintiff in error. A motion was made to strike out and dismiss the second cause of action for damages, for a breach of the covenants of warranty. This was sustained by the court. We think there was no error in such ruling. The action for the cause alleged in the original petition was local, and it was only by reason of that, and that alone, that Reynolds and wife could be compelled to litigate in Allen county, they being residents of Douglas county. Whenever it was sought to depart from the local action and substitute therefor or add thereto an action transitory in its nature, it ought to have been dismissed, because it has been held by this court that the presumption is in such a case that the statement of the original cause of action was made wrongfully, to procure the service of a summons upon the defendants, in violation of the spirit of §§ 46, 55,

and 60 of the code. (*Brenner v. Egly*, 23 Kas. 123.) The counsel for plaintiff in error ingeniously contend that when the defendants are rightfully summoned under § 46, and appear and contest allegations with reference to a cause of action, transitory in its nature, blended with those that are local, they have joined in a general fray, and cannot thereafter be heard to object to the mode of attack or the manner of fighting. As long as the causes of action are strictly confined to those enumerated in § 46 of the code, the persons rightfully summoned have no cause of complaint, but the moment the plaintiff, by amendment, seeks to litigate a question not expressly enumerated in that section, he himself is violating the statute by taking an undue advantage of the defendant, and imposing on the court, and there is nothing that the defendant may have done in the course of the previous stages of the proceeding which can estop him from saying that he is there to litigate the cause of action alleged in the petition which authorized the issue of the summons against him, and none other.

II. The demurrer to the original cause of action was sustained. This was the cause of action to rescind the real-estate contract. It appears that the exchange had been made some time before the action was commenced, and since its consummation Neal had sold a part of the land. In the nature of things, if this contract is to be rescinded, the parties who made it are to be placed with reference to the property in the identical situation in which they were before it was made. The contract must be rescinded *in toto*, if at all. (*Jeffers v. Forbes*, 28 Kas. 174.) A party is not permitted to speculate for a time on the probabilities of an advantageous bargain, after he has discovered cause for rescission, but he must act promptly to compel it. He must not only allege that he is in a position to restore all that he has received, but he must show that he is able and willing to place the other party in the exact condition in which he was before the exchange. If he has sold or disposed of a part of the property received in exchange, and then discovers defects in the title of the remainder, his remedy is an action for damages, either for fraud and deceit in

the sale, or for a breach of the covenants. (*Curtis v. Howell*, 37 N. Y. 215.) The amended petition states causes of action entirely inconsistent with each other. One cause of action is based upon the affirmance of the contract of exchange; the other seeks to set aside and rescind the contract for causes which, if well founded, would make it inequitable to enforce it. It is true that the motion to dismiss the second cause of action alleged in the amended petition was heard and sustained before the ruling on the demurrer as to the remaining causes of action was made; but this only emphasizes the fact that the pleader was in doubt as to his remedy, and in his eagerness to avail himself of all, he did not fairly state a cause of action that entitled him to one. As we view the case, there was no error in the ruling on the demurrer.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.