WILLIAM ZIMMERMAN et al. v. THOMAS B. BARNES.
( Two cases.)
Nos. 7752, 10447.

WRIT—*Service by Publication—Misjoinder of Claims.* It is irregular and erroneous to join claims only personal in their nature with others wherein constructive service is allowable, and then proceed to obtain such service as to the several incongruous claims, and where a motion to set aside such service is seasonably made it should be sustained.

*Error. from Shawnee District Court.*

ON January 12, 1891, the defendant in error commenced an action against the plaintiffs in error, and at the same time filed an affidavit for service by publication, the body of the same being as follows, to wit :

" Now comes Thomas B. Barnes, who, after being duly sworn, upon his oath deposes and says : That he is the plaintiff in the above-entitled action ; that the defendants therein, William Zimmerman and Mary M. Zimmerman, are non-residents of the state of Kansas ; that the plaintiff, with due diligence, is unable to make service of summons upon the defendants, or

either of them, within said state of Kansas; that said action relates to real estate in said county of Shawnee; that the relief, among other things, demanded in said action is to establish and acquire the legal title, and to recover the possession, with $500 damages for rents and profits and for the withholding of the possession of, and to exclude the defendants from any title or interest in or to the undivided one-half of the following-described real estate, situated, lying and being in said county of Shawnee and state of Kansas, to wit: The northwest quarter and the southeast quarter of section 7, township 13, range 17; and to recover judgment against said defendants for $1,218.66, with interest at 10 per cent. from December 17, 1887, as balance due on certain mortgage; and to declare and enforce the same as a first lien on the moiety of said real estate owned by said defendants; and if, for any sufficient reason, the title cannot be compelled or enforced, then plaintiff asks judgment for $5,000 in that behalf, and for other judgments, orders and decrees as prayed for in the plaintiff's petition filed therein, reference to which is hereby had."

The affidavit substantially followed the prayer of the petition as to the relief demanded, and the published newspaper notice was in general accord with the affidavit. On April 21, 1891, a motion was filed in behalf of the defendants below, as follows:

"Come now the defendants, and, denying the jurisdiction of this court over the persons of the defendants, appear specially for the purposes of this motion and not otherwise, and move the court to set aside the pretended publication notice for constructive service on these defendants upon the grounds: (1) That no sufficient affidavit was made or filed herein authorizing or supporting the publication notice made by plaintiff and filed herein on 2d March, 1891. (2) That the supposed publication notice filed herein on 2d March, 1891, was not authorized by any affidavit filed under the provisions of sections 72 and 73 of the code of civil procedure, or of any other statute of this state. (3)

Said supposed publication notice was not published in the manner required by law. (4) The court had no jurisdiction over the persons of these defendants."

On May 9, 1891, said motion was overruled, the defendants excepting, and on June 8, 1891, judgment was rendered in favor of the plaintiff below against the defendants below, as upon default, and the case was brought to this court for review August 6, 1891. On March 1, 1895, the defendants below, appearing specially, filed a motion to vacate and set aside said judgment, and asking that they be let in to answer and defend, but on September 16, 1895, said motion was overruled, and this decision of the court is complained of in the second petition in error, filed in this court on October 16, 1895. The opinion herein was filed February 8, 1896.

*W. C. Webb*, for plaintiffs in error.

*Jetmore & Jetmore*, for defendant in error.

The opinion of the court was delivered by

Martin, C. J. : It is unnecessary to consider whether the service by publication was or was not void, for it was attacked directly by motion in good season, and therefore we have the question before us whether the proceeding was regular or erroneous. It is well settled that, with some exceptions, not including this controversy, the jurisdiction of a court does not extend beyond the boundaries of the state, so as to bind personally by its adjudication those outside of such boundaries. No personal judgment against a non-resident can be obtained, unless he shall enter his appearance or be served with process within the state, although any property which he may have within the jurisdiction may be subjected to any just

demand against him, and any right, title, lien or interest that any other person may claim in such property may also be the subject of adjudication. In cases of the latter class, service may be made by publication. (Civil Code, § 72.) It would be an abuse of process to compel a non-resident owner of property located here to subject himself to the jurisdiction of the courts of this state upon a mere personal claim, as a condition of his right to litigate as to the title or status of such property. As to personal claims against him, a non-resident has a right to defend against the same in his own courts as long as he chooses to remain there, without going into another jurisdiction. The plaintiff below had a right to service by publication for the purpose of establishing an interest in the lands described, but, on failure in that respect, he could not recover a personal judgment for damages for the value of such interest.

In the case of a creditor proceeding by publication, the fact that he is seeking to subject property of the defendant within the jurisdiction must affirmatively appear. (*Repine v. McPherson*, 2 Kan. 340, 346.) In a suit against a foreign corporation, where its treasurer, found within the state, is garnished, but he has no funds of the corporation in his hands here, the court obtains no jurisdiction over the corporation or its property in another state on service against it by publication, (*Wheat v. P. C. & Ft. D. Rld. Co.*, 4 Kan. 370,) and where the affidavit for publication does not state directly, inferentially, or in any other way that the action brought is one of those mentioned in section 72 of the civil code, it is fatally defective, and service by publication cannot be obtained thereon. (*Harris v. Claflin*, 36 Kan. 543.) In *Neal v. Reynolds*, 38 Kan. 432, 435, a party sought to rescind a contract for the

exchange of real estate by an action properly brought in the county where part of it was situated, against residents of another county, where they were summoned. After appearance of the defendants, the plaintiff, obtaining leave to amend, added another cause of action for damages for breach of warranty as to some of the exchanged lands, thus blending a local with a transitory cause of action, and it was held that the added cause was properly struck out on motion of the defendants ; that the plaintiff should be confined to the cause of action which authorized service of summons in another county, and to allow him to do more was to violate the statute relating to service, take an undue advantage of the defendants, and impose upon the court. It may be difficult to reconcile this case with *Beebe v. Carter*, 54 Kan. 261, but the latter case is distinguishable from the one now under consideration, for in that the amendment was allowed after a general appearance had been entered by the defendant constructively served, and one of the defendants had been personally served. In the present case, demands only personal in their nature were united with those wherein constructive service is allowable, and then such service was attempted as to the several incongruous claims ; but the validity of the service having been attacked by motion, we cannot disregard the former as mere surplusage, because, on appearance of the defendants below, they could not answer to a part of the petition only, but must respond to everything contained therein ; and thus they would be forced to litigate personal claims as a penalty for appearing in this jurisdiction for the purpose of settling rights to property situated here. The judgment of the court below overruling the motion to set aside service will there-

fore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

It was unnecessary to bring the second case here, as everything essential to a consideration of the question involved was presented in the first case, and the second will therefore be dismissed.

ALLEN, J., concurring.

JOHNSTON, J. : Two proceedings in error were submitted for a review of rulings made in the case in the district court—the first attacking the service as absolutely void, and the second attacking the validity of the judgment rendered. As the principal relief demanded in the action was the recovery of real estate, and to exclude others from any interest in it, service by publication was authorized, and therefore cannot be said to be void. The affidavit and notice embraced all that is required for constructive service under section 72 of the code, and it will hardly do to say that the service was destroyed on account of redundancy in either the affidavit or publication. If the service was, irregular by reason of surplusage, it was cured by a subsequent general appearance of the defendant in the, case, when he came in and asked affirmative action of the trial court. More than that, when a party ap-, pears after constructive service, and his appearance is not induced by fraud of the plaintiff, he is in court for, all purposes and for every step that may be taken in the case. If causes of action are improperly joined in the petition, the code requires that a party must raise the objection by demurrer or answer; and if he does not do so by either method, he is deemed to waive the defect. Of course, if default is made upon service by publication only, no relief can be had ex-

cept such as is provided in section 72 of the code. When he does appear, however, he is, in my opinion, entitled to the same rights and the same protection in conducting his share of the litigation as a resident of the state, and no more. When he comes in, he is permitted to set up a defense of an affirmative and transitory character, and why should the resident plaintiff be barred from the same privileges? Why should he be precluded from amending the petition and joining with his local action one of a transitory nature, which grew out of the same transaction, and which the code expressly provides may be united in a single proceeding? The policy of our code is against the splitting of a transaction into several lawsuits, and is in favor of uniting all consistent causes growing out of the same transaction, and disposing of them in a single case. There may be some lack of harmony in the decisions upon this question; but, after a careful consideration of the same, it was held, in *Beebe v. Carter*, 54 Kan. 261, that where service by publication is made upon a person who afterward makes a general appearance and files a pleading, it is competent for the court thereafter to allow the original petition to be amended so as to charge him personally, and to warrant the recovery of a personal judgment against him. In the case of *Neal v. Reynolds*, 38 Kan. 432, the amended pleading which was before the court was a substantial change of the claim or action of the plaintiff, and hence the court properly sustained the objection made against it. Some of the language of the commissioner who prepared the opinion tends to sustain the view of the plaintiffs in error in these cases; but that decision, as well as the language of the commissioner, was urged upon the attention of the court in *Beebe v. Carter*, supra, and we then

held that, when a party is legally brought into a case by constructive service, he is subject to the same rules as one upon whom personal service has been had.