*In the Matter of the Application of* FRANK MCMASTER *for a Writ of Habeas Corpus.*

(Filed Feb. 8, 1900.)

HABEAS CORPUS—*Jurisdiction—Judgment Void, When.* A justice of the supreme court of the Territory of Oklahoma has the power to issue a writ of *habeas corpus*, and may issue the writ himself, or direct it to be issued by the clerk of the supreme court, and to hear and determine the same; and the issuance of such writ by such clerk, will not, of itself, give the supreme court as a body jurisdiction to hear and determine any matter involved therein, until after a final judgment by the justice before whom such matter is pending.

(Syllabus by the Court.)

*Original Proceeding in Habeas Corpus.*

Opinion of the court by

IRWIN, J.:   This is an application by Frank McMaster to vacate and set aside a judgment made and entered by this court on the 10th day of April, 1894.   The ground on which this application was based is that the said judgment is void for want of jurisdiction, for the reason that the matters contained in said judgment were not legally before the court.   A reference to the judgment which will be found reported in the second volume of the reports of this court, at page 438, will show that the only question presented to the court was:   Has the supreme court jurisdiction in the matter?   The court there says:

"An application is now made to this court, by the Territory, for a modification of that order of the Hon. John H. Burford, associate justice, and to that application the objection is raised, (and that is the only matter that is

now presented,) that the supreme court of the Territory of Oklahoma has no jurisdiction to consider that matter, the matter being a proceeding pending entirely before the Hon. John H. Burford, as associate justice of the supreme court of the Territory of Oklahoma."

Therefore, it will be seen that only question presented to the court was one of jurisdiction.

It appears from the record that an application for a writ of *habeas corpus* was made to the Hon. John H. Burford, associate justice of the supreme court; that the said writ was issued and return made thereon, a demurrer filed to said return, said demurrer argued and overruled by the said judge, and further hearing of the matter was continued until the 21st day of April, 1894.

It is apparent that this matter was pending and undisposed of before the Hon. John H. Burford, one of the associate justices of the supreme court. If he had, as such associate justice, jurisdiction of the matter, and had assumed and was exercising jurisdiction over the same, at the time of the rendition of the decision by the supreme court, then the supreme court had no jurisdiction in the premises until a final decision by the justice having the same before him.

It is apparent that there had been no final decision of the matter at the time the decision was rendered by the supreme court, as the judgment bears date April 10, 1894, which was eleven days prior to the date to which Justice Burford had continued the hearing in the matter before him.

An examination of the law will show beyond a question that the associate justice who issued the writ had the right as one of the associate justices of the supreme

*In re.* McMasters.

court to grant the writ of *habeas corpus,* and when issued in such capacity, and made returnable before himself, it was the act of the judge and not the act of the supreme court.

Paragraph 9, of the Organic Act of this Territory, provides:

"The said supreme and district courts of said Territory, and the respective *judges* thereof shall and may grant writs of *mandamus* and *habeas corpus* in all cases authorized by law."

The Code of Civil Procedure, under the *habeas corpus* act, provides:

SECTION 690: "Writs of *habeas corpus* may be granted by any court of record in term time, or any judge of any such court, either in term time or vacation, and upon application the writ shall be granted without delay."

SEC. 697: "The hearing may be adjourned," etc.

SEC. 698: "The court or judge shall thereupon proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint, or for the continuance thereof, shall discharge the party."

SEC. 710: "All writs and other process authorized by the provisions of this act shall be issued by the clerk of the court, and except summons, sealed with the seal of this court, and shall be served and returned forthwith, unless the court or judge shall specify a particular time for such return."

It is clear from the foregoing provisions of the statutes that Judge Burford, as associate justice of the supreme court, had the undoubted right and full jurisdiction to order the issuance of the writ in question, and to hear and determine the same, alone, as an associate justice of

the supreme court; and when he did this he assumed his
rightful jurisdiction over the matter in the capacity of
associate justice of the supreme court, and this court, as
a court, had no right or power in law to interfere with
the matter until after the associate justice had made a
final order disposing of the case.

An examination of the records will show that Justice
Burford, in all of these proceedings, acted in his own
independent, separate capacity, and with no reference to
the supreme court as a body. He ordered the writ as
John H. Burford, Associate Justice. He considered and
overruled the demurrer to the return. He made the order
continuing the hearing from the ———day of April, 1894,
until April 21, 1894. If this had been a writ issued out
of this court, and not a writ issued by John H. Burford,
in his separate capacity, as associate justice, the hearing
upon the demurrer would have been before this court,
and not before John H. Burford, as associate justice, and
the application for a continuance would have also been
made to this court as a body, and not to John H. Burford,
as associate justice; but we find that all of the proceed-
ings in this matter were conducted and carried on by
John H. Burford, as an associate justice, and not by this
court. So that, so far as the record shows, the matter
was in his hands as associate justice, was undisposed of
and pending before him when this order which is now
sought to be vacated was made by the supreme court,
and in all his actions in regard to the matter there was no
intimation or indication that he intended to act or was
acting for or on behalf of the supreme court, but was
clearly acting within his jurisdiction, as defined by the
Organic Act and statutes, as one of the associate justices

thereof. Now, when a matter is rightfully within the jurisdiction of one of the justices of this court, under a clear and unmistakable provision of the statute, and such justice has assumed and is exercising jurisdiction over the subject matter, and the same is pending and undetermined before him, can the supreme court rightfully assume jurisdiction prior to the final decision of the case by such justice and make an order depriving him from further action in the premises? We think not. Nor does the fact that the writ was signed by the clerk of the supreme court necessarily make it a writ of the supreme court, because, by section 710 of the Civil Procedure act, under the head of *habeas corpus,* the statutes provide that the writ shall be issued by the clerk, whether the same is ordered by the supreme court as a body, or by one of the justices of said court. The writ, under the statutes, should be issued and signed by the clerk, and the fact that it bears the signature of the clerk of the supreme court, and seal thereof, does not, of itself, make it an act of the supreme court, if it is in fact issued by order of one of the justices, and made returnable before such justice. It is not in law the act of the supreme court, although it may at the time be issued and signed by the clerk thereof. We have no doubt but that a justice of this court has the power under the provisions of the Organic Act to issue the writ, but under the statute it may be issued by the clerk.

The supreme court, at the time it rendered the decision in this case, seemed to entertain grave doubts as to its jurisdiction, for we find in the opinion, (volume 2, Oklahoma Reports, page 440,) the following language:

"It is proper for us to say, at this time, that the court considers this a very nice question, indeed, and one about

which lawyers and judges may very properly differ. Different views may be taken upon this question of jurisdiction, and of the respective jurisdictions, and as to whether or not the jurisdiction which may be exercised by a judge of the supreme court is absolutely distinct from that which may be exercised by the court itself."

So it will be seen that this court, as then constituted, was not entirely clear or fully satisfied as to its jurisdiction; but after a thorough examination of the record and due consideration, we are constrained to entertain a different opinion from that enunciated by the learned judges who concurred in the opinion.

By our action herein we do not wish to be understood as in any way reflecting upon the judges who handed down the former opinion; but we feel, no matter how honest and conscientious they acted in the matter, an error was committed in resolving the doubt of the court's jurisdiction against the petition herein; and without expressing any opinion upon the merits of the case, as we now view the law, a mistake has been made by this court, which it is in duty bound to correct.

As there was no proceeding in the case before the supreme court, and no action pending in which said court had a right to act, we believe that any action taken by the court in the premises was without jurisdiction, and, therefore, void, and being void should be set aside according to the prayer of this petition, which is accordingly done; and the judgment heretofore entered is hereby vacated and held for naught.

All of the Justices concurring.