JOHN M. ANGLEA v. FRANK MCMASTER, THE PEOPLES BANK
OF EDMOND AND J. R. KEATON.

(Filed September 7, 1906.)

**JUDGMENT—Set Aside, When.** A judgment which is entirely outside
of the issues in the case and upon a matter not submitted to the
court for its determination, is a nullity, and may be vacated and
set aside at any time, on motion of a party, or any person affected
thereby.

(Syllabus by the Court.)

*Error from the Probate Court of Comanche County; before
W. H. Hussey, Trial Judge.*

*Shartel, Keaton & Wells, W. C. Stevens* and *F. P. Cease,*
for plaintiff in error.

*Frank McMaster,* for defendant in error.

STATEMENT OF FACTS.

This is a proceeding in error from an order and judg-
ment of the probate court of Comanche county, rendered on
the 6th day of July, 1903, in which it was determined that
the court had no jurisdiction to hear and determine the mo-
tion of the plaintiff in error to vacate and set aside a judg-
ment rendered against him and in favor of Frank McMaster
in said court on January 30, 1902.

It appears from the record that on the 14th day of November, 1901, the City National Bank of Lawton, Oklahoma, brought an action in the probate court of Comanche county, Oklahoma, against the Peoples Bank of Edmond, Oklahoma, John M. Anglea, J. R. Keaton, G. W. Childs, Vergil Childs, and Frank McMaster, to recover the sum of five hundred dollars claimed to be due on a check dated November 1, 1901. It further appears that each of the defendants filed a verified answer to this petition, denying the execution of the check, and each and every material allegation contained in the petition; that on January 29, 1902, the defendant Frank McMaster moved the court to be allowed to amend the process, pleadings, and petition, and that he be substituted as plaintiff in the action. To this application for substitution, each of the other defendants at the time objected, which motions were overruled, and the motion to substitute McMaster as plaintiff was sustained.

Thereupon McMaster filed three amended petitions, the first of which was against the Peoples Bank and Keaton; the second was against J. R. Keaton alone; and the third was against the Peoples Bank of Edmond alone. In neither of these amended petitions was the plaintiff in error, John M. Anglea, made a party defendant; nor was any relief asked as against him.

Thereupon the Peoples Bank of Edmond, John M. Anglea, and J. R. Keaton appeared specially, and moved to dismiss the several amended petitions filed by Frank McMaster, on the ground that the original plaintiff, the City National Bank of Lawton, had no interest in the controversy; and, second, on the ground that McMaster's cause of action

was an entirely different action than was originally instituted. This motion was overruled, and on January 30 the court found the issues in favor of the plaintiff and against the defendants the Peoples Bank of Edmond, John M. Anglea and J. R. Keaton, and assessed the plaintiff's recovery at $525 and costs.

On November 28, 1902, a motion was made by the plaintiff in error to vacate and set aside the judgment above rendered on January 30, 1902, on the ground that he was not made a party defendant in either of the plaintiff's amended petitions, and that at the time of the trial of the cause the plaintiff, Frank McMaster, stated that John M. Anglea was not made a party defendant to any of the amended petitions; and that the probate judge, in open court, in deciding the case, stated that no judgment would be rendered against the plaintiff in error, John M. Anglea; and further, that no judgment against the said John M. Anglea was within the issues of said cause. This motion was overruled by the probate judge on July 6, 1903, on the ground that he had no jurisdiction to hear and determine said motion to vacate said judgment; to which ruling and order of the court the plaintiff in error duly excepted, and brings the case here for review.

Opinion of the court by

HAINER, J.: The record discloses that the judgment which was sought to be vacated in this case was rendered on January 30, 1902, and the motion to vacate said judgment was made on November 30, 1902, on the ground that the court had no jurisdiction to render judgment against the plaintiff in error. The court declined to sustain the motion,

on the supposed ground that he had no jurisdiction to hear and determine the same. This ruling of the court was made on July 6, 1903, to, which ruling of the court, the plaintiff in error duly excepted, and asked time to make a case for the supreme court. Various extensions were made, and the case was served within time; and the case was filed in this court on July 5, 1904, within a year from the time that the order was made denying the motion of the plaintiff in error to vacate and set aside the judgment; hence, the motion to dismiss the appeal must be denied.

This presents the sole question, whether the court below erred in holding that it had no jurisdiction to hear and determine the motion to vacate the judgment which was rendered against the plaintiff in error on January 30, 1902.

The record conclusively establishes that the plaintiff in error was not made a party to either of the amended petitions, and no relief was asked against him. We are therefore unable to perceive how any judgment could have been rendered against him. It also appears from the affidavits in support of the motion to vacate, that it was admitted that at the time the judgment was entered, the plaintiff in error was not a party to either of the amended petitions; and further, that the judge stated that no judgment would be entered against him. However, in the journal entry, it appears, judgment was, in fact, entered against him. The probate judge certainly had jurisdiction to hear and determine the motion in question.

Section 593 of the Code of Civil Procedure, (Statutes of 1893) provides as follows:

"A void judgment may be vacated at any time on motion of a party, or any person affected thereby." *The Phoenix Bridge Co. v. Street,* 9 Okla. 422. And by section 1873 of the probate court extension act, it is provided as follows:

"In all cases commenced in said probate courts wherein the sum exceeds the jurisdiction of justices of the peace the pleadings and practice and proceedings in said court both before and after judgment shall be governed by the chapter on civil procedure of the territory governing pleadings and practice and proceedings in the district court."

In *Gille v. Emmons,* 48 Pac. 569, it was held that:

"A judgment which is entirely outside of the issues in the case, and upon a matter not submitted to the court for its determination, is a nullity, and may be vacated and set aside at any time upon motion of the defendant."

In this case the supreme court of Kansas had under consideration an action in which D. R. Emmons had executed two promissory notes, and to secure the payment thereof had executed a mortgage upon a tract of real estate, Carrie L. Emmons joining in the execution of the mortgage, but she did not sign the notes. Subsequently an action was brought by James M. Gille, the owner of the notes, to foreclose the mortgage, and to recover a personal judgment against D. R. Emmons. A trial was had, which resulted in a judgment in favor of Gille upon the notes, and for a foreclosure of the mortgage. A journal entry was subsequently entered by the clerk, in which personal judgment was entered against Carrie L. Emmons, as well as against her husband, D. R. Emmons. It further appears in this case that Carrie L. Emmons had no knowledge of the fact that judgment had been entered against her personally until about four years thereafter. She thereupon filed a motion to vacate the

judgment, and the trial court sustained the motion to vacate the judgment, on the ground that it was void as against her. The cause was thereupon appealed to the supreme court and affirmed. Mr. Justice Johnson, in delivering the opinion of the court, says:

"The validity of the judgment was challenged in the court, and in the same case in which it was rendered. It is true that the application to vacate was not made until more than four years after the judgment was rendered, but, as the judgment was void, the court was not hampered by a limitation of time. The statute relating to proceedings for the vacation and modification of judgments provides that a 'void judgment may be vacated at any time on motion of a party or any person affected thereby.' Code Civ. Proc. Sec. 575; *Beach v. Shoemaker,* 18 Kan. 147; *Hanson v. Wolcott,* 19 Kan. 207."

We think the facts under consideration present a much stronger case than the facts in *Gille v. Emmons.* Hence, we are clearly of the opinion that the court was without jurisdiction to render judgment against the plaintiff in error and that the judgment was absolutely void, that the court had jurisdiction to hear and determine the motion to vacate the judgment, and that it was error to overrule the same.

The judgment of the probate court is reversed, and the cause remanded with directions to sustain the motion to vacate the judgment.

All the Justices concurring.