## CONTINENTAL GIN CO. v. ARNOLD.

No. 6031—Opinion Filed Feb. 15, 1916.

Rehearing Denied Sept. 25, 1917. Second Petition for Rehearing Denied Oct. 30, 1917.

(167 Pac. 613.)

### 1. Judgment—Vacation—Time—Statute.

While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court, unless there is a substantial compliance with the terms of the statute.

### 2. Same—Default Judgment—Mistake.

A showing that the attorney for the defendant was absent from his office in the discharge of his professional duties and mistook the date of the expiration of the time given him to plead to plaintiff's petition, and understood that the cause would not be assigned for trial at that term, is not sufficient to authorize the vacating of a judgment after the term had lapsed, said judgment having been entered by default.

### 3. Same—Vacation of Void Judgment—Term.

A void judgment may be vacated at any time on motion of any interested party. The fact that the term of court at which the judgment was rendered had expired does not serve to give a void judgment any standing. It may be attacked at any time upon motion or collaterally.

### 4. Process—Publication—Affidavit — Validity.

Where it is stated, in an affidavit to obtain service by publication, that a defendant is a non-resident of the state, and service cannot be had upon him within the state, and such affidavit is otherwise sufficient, it is not void or voidable because facts are not stated therein showing that plaintiff by the use of due diligence was unable to make service of summons upon the defendant.

### 5. Mortgages—Proceedings to Cancel Record—Action in Rem.

An action to cancel a real estate mortgage of record is an action in rem.

### 6. Mortgages—Failure to Release—Action in Personam.

An action for the statutory penalty for failure to release a satisfied mortgage of record is an action in personam.

### 7. Courts—Local Action.

Not every action growing out of transactions concerning real property is local. Where the decree sought is to operate on the person, and not upon the real property, the location of the property indirectly affected is not material.

### 8. Judgment—Personal Judgment—Validity Process. ..

No valid personal judgment can be obtained against a party unless he is personally served with process within the state or voluntarily enters his appearance.

### 9. Judgment—Separable Cause of Action—Validity—Want of Jurisdiction.

An action was instituted against a nonresident corporation, which had not designated an agent within the state upon whom ser-

vice of summons could be had; service was made by publication. The petition contained two counts. The first count stated an action in rem, and the second count stated an action in personam. There was no voluntary appearance. Judgment was entered upon both counts by default. Held, the joining of the two causes of action, the one being maintainable, and the other not, in the same petition, will not operate to vitiate the entire procedure, but that the cause of action set forth in the first count in the petition was properly maintained and the judgment rendered therein, canceling the mortgage of record as prayed for, valid and regular, but that the cause of action set forth in the second count of the petition could not be maintained against a nonresident defendant, and the judgment rendered thereon was void for lack of jurisdiction.

**10. New Trial—Review of Motion to Set Aside Judgment.**

A motion for a new trial to review the order of the court denying a motion to set aside a judgment is unauthorized by statute, and an appeal from an order denying such a motion would be a nullity.

**11. Appearance—Waiver of Summons.**

No summons was issued by defendant upon the filing of its motion to set aside the judgment. The plaintiff appeared at the hearing upon the motion and participated therein. This operated as a waiver of the issuance and service of summons.

(Syllabus by Matthews, C.)

Error from District Court, Carter County; S. H. Russell, Judge.

Action by Ira L. Arnold against the Continental Gin Company, a corporation. Judgment for plaintiff, motion for new trial overruled, and defendant brings error. Affirmed in part and reversed in part.

The parties will be designated as in the trial court. This was an action for the cancellation of a mortgage of record and for statutory damages for failure to release same. The defendant, being a nonresident, was cited by publication, the affidavit for publication being as follows:

"Ira L. Arnold, being duly sworn according to law, says that he is the plaintiff above named, and that on the 27th day of January, A. D. 1912, said plaintiff filed in said district court a petition against said defendant, Continental Gin Company, showing that the said defendant, Continental Gin Company, is a corporation having its principal office, place of business, and domicile in the state of Texas, and has not designated any agent in the state of Oklahoma, upon whom service of summons may be had.

"Affiant further says that this action is brought for to cancel mortgage on S. ½ of S. W.¼ of S. W.¼ of section 24, township 4 south, range 1 west, and $8,224.85 damages for failing to release said mortgage, and $24.85 per day for each day said mortgage is not released after January 6, 1912.

"Affiant further says that the defendant, Continental Gin Company, is a nonresident of the state of Oklahoma, and that service of summons cannot be made on the said defendant, Continental Gin Company, within the said state of Oklahoma, and that the said plaintiff wishes to obtain service on said defendants by publication; and further affiant saith not."

Based upon the foregoing affidavit publication notice was had as required by statute, and upon the completion of the same the defendant filed the following motion to quash the service:

"Comes now the above-named defendant by R. N. McConnell, its attorney, and appearing specially and for the purpose of this motion only, moves the court to quash the pretended service by publication in this case, and to quash the affidavit for publication and the publication notice, and for grounds of this motion says:

"First. That plaintiff's pretended cause of action as set up and stated in his petition, and in each count thereof, is not one of the cases in which substituted service by publication is provided for or allowed by the laws of the state of Oklahoma.

"Second. Because plaintiff in his said cause of action seeks to recover a personal money judgment against the defendant.

"Third. Because the affidavit filed in this cause to authorize service by publication is insufficient, in that the same does not show what diligence was used by the plaintiff in attempting to make personal service of summons on the defendant in the state of Oklahoma.

"Fourth. Because said affidavit fails to show that service of summons could not have been made with due diligence upon the president or other chief officer of the Continental Gin Company in the state of Oklahoma, and does not show that the said president or other chief officer was not in said state at the time of the making of said affidavit and the publication of said notice.

"Fifth. Because said publication notice is insufficient, in that the same does not notify the defendant of the nature of said action and the relief demanded against the defendant."

This motion was overruled, and on the 16th day of January, 1913, defendant filed a motion to require plaintiff to make his petition more definite and certain, which was confessed, and on the same day plaintiff filed an amended petition. The defendant

was given 20 days to plead to the amended petition. On the 7th day of February, 1913, the defendant being in default, judgment was rendered for plaintiff, canceling a mortgage given by plaintiff to defendant upon a tract of land to secure a note in the sum of $2,485, and a personal judgment in the sum of $8,224.35 was entered against defendant, as a statutory penalty for failure to release said mortgage of record. This judgment was rendered in the district court of Carter county at Ardmore, Okla., and defendant's attorney, who resided at Oklahoma City, learned that fact the next day. This term of court expired on the last day of February, 1913. On March 24, 1913, the defendant filed the following motion to set aside the aforesaid judgment:

"Comes now the defendant above named, the Continental Gin Company, and moves the court to vacate and set aside the judgment rendered in the above-entitled cause on the 7th day of February, 1913, at the present term of this court, in favor of the plaintiff and against the defendant, on the grounds and for the reasons following to wit:

"First. For irregularity in obtaining said judgment, the same having been rendered before the cause regularly stood for trial, and in the absence of and without notice to the defendant or its attorney, and before the expiration of ten days after the time granted by the court in which to plead to plaintiff's petition.

"Second. For unavoidable casualty and misfortune preventing said defendant from defending said action, as fully set out in the affidavit filed in support thereof.

"Third. For that defendant has a valid and subsisting defense to said action, which is fully set out in the answer of defendant, a copy of which is hereto attached, made a part of this motion, and marked 'Exhibit A,' and which answer defendant desires to and will file in said action if said judgment is set aside as prayed and leave of court granted to file the same.

"Fourth. For that said judgment was rendered without other service upon the defendant than service by publication, and that the court was without jurisdiction to render said judgment upon publication service; and because the affidavit for publication and the notice published are insufficient to give the court jurisdiction of the defendant in this action; all as set out in the motion of defendant heretofore filed to quash said service by publication, affidavit and notice.

"Fifth. Because plaintiff's amended petition and the evidence introduced are insufficient to support the judgment.

"Sixth. Because defendant was defending said action in good faith, believing it had a valid defense thereto, and defendant and its attorney had been diligent, and, saving its objection and exception to the jurisdiction of the court over the person of the defendant, desired to join issue and have a trial of said cause on its merits."

On the 1st day of October, 1913, the defendant filed the following amendment to its said motion:

"Comes now the defendant above named and by leave of court first had and obtained files this its amendment to its motion heretofore filed herein to set aside the judgment rendered herein on the 7th day of February, 1913, and for further reasons why said judgment should be vacated and set aside as prayed for in said motion, says:

"First (A). For irregularity in obtaining said judgment, in that said judgment was rendered without all the parties necessary to a determination of the controversy being parties to the action, and such necessary parties were not brought in by the court, and were not before the court and were not made parties to the action when said judgment was rendered."

"Fifth. (A). Because the petition of the plaintiff wholly fails to state a cause of action against the defendant or to show any liability whatever on the part of the defendant to the plaintiff, but in fact shows that the plaintiff has no right of action, and is not entitled to recover any judgment in said action whatsoever against the defendant, and said judgment is void, and should be vacated by the court as a void judgment."

There was also filed an affidavit setting out the reasons the case was permitted to go by default, but it is unnecessary to give its contents here.

On the 1st day of October, 1913, after hearing the evidence adduced in support of the motion, the same was overruled; afterwards, and on the same day, the defendant filed a motion for a new trial which motion contained the statutory grounds for a new trial. This motion, on the same day, was overruled, and the defendant prosecutes this appeal.

Chas. H. Garnett, for plaintiff in error.

Sigler & Howard, for defendant in error.

Opinion by MATHEWS, C. (after stating the facts as above). Unless the judgment entered against defendant by default was absolutely void, no relief can be granted it. The statutes prescribe the procedure to be followed to have judgments vacated, and one seeking such relief must comply with the prescribed statutory procedure. It will be noted the judgment complained of was entered on the 7th day of February, 1913, and

defendant's attorney was apprised of that fact the next day. That term of court expired on the last day of that month, but the motion to vacate the judgment was not filed until March 24, 1913. Section 5035, Rev. Laws 1910, prescribes the time when the application for a new trial must be made and is as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered unless unavoidably prevented."

Section 5267, Rev. Laws 1910, prescribes the grounds and procedure for vacating and modifying judgments in the district court, and is as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: First. By granting a new trial for the cause, within the time and in the manner prescribed in section 5035. Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in section 4728. Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining the judgment or order. Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order. Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. Sixth. For the death of one of the parties before the judgment in the action. Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending. Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5142. Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

In the case of Hawkins v. Hawkins, 52 Okla. 786, 153 Pac. 844, this court, in discussing this statute, said:

"This statute has been frequently construed by this court and the law is well settled that, while great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same were rendered or made, yet the court is without jurisdiction,

at a subsequent term, to take any steps towards vacating or modifying a judgment or order of the court, unless there is a substantial compliance with the terms of the statute. McAdams v. Latham, 21 Okla. 511, 96 Pac. 584. In the case last cited plaintiff had judgment at the same term, but after the statutory time for filing a motion for new trial had expired, the court permitted a motion for new trial to be filed, and granted defendant a new trial of the cause. At a succeeding term, upon the motion of the plaintiff, the trial court set aside the order granting a new trial of the cause. This court in passing upon the correctness of the last order says: 'The plaintiff failing to appeal from the order granting a new trial, after the expiration of the term at which final judgment was entered, there must be a substantial compliance with the statute to give the court further jurisdiction to modify, vacate, or set aside any judgment rendered at a preceding term.' McKee v. Howard, 38 Okla. 422, 134 Pac. 44; Lookabaugh v. Cooper, 5 Okla. 102, 48 Pac. 99; Long v. Board of County Commissioners, 5 Okla. 128, 47 Pac. 1063; Anderson v. Chrisman, 37 Okla. 73, 130 Pac. 539."

The defendant has failed to bring its case within the provisions of section 5035, Rev. Laws 1910, because his motion was not made until after the term in which the judgment was rendered had lapsed. Neither does it come within the provisions of section 4728. Nor was there any irregularity in obtaining the verdict shown, and the conduct of the clerk did not occasion it. No fraud upon the part of the plaintiff was advanced as a reason for the default, and the facts shown at the hearing did not disclose any unavoidable casualty or misfortune justifying the default. In fact the defendant did not bring itself within any of the provisions laid down in said section 5267.

The only excuse for not pleading to the amended petition within the 20 days given it for that purpose, as shown by the affidavit filed at the hearing, was that the attorney was absent from his office in the discharge of his professional duties in other matters, and mistook the date of the expiration of time given him to plead, and that he understood that the cause would not be assigned for trial at said February term. It is plainly apparent that this is not a sufficient showing to authorize the vacating of a judgment after the term had adjourned. If the same had been filed within the term while the court still had discretionary power over the judgment, no doubt the court would, and perhaps should, have vacated the same upon the showing made, but after the term had lapsed the court could act only as authorized by statute and within the provi-

sions of the statute, and the ruling of the court in refusing to vacate the verdict was correct and must be sustained unless relief can be obtained under section 5274, Rev. Laws 1910, which, as far as applicable, reads as follows:

"A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

It was held in Spies v. Stone, 40 Okla. 542, 139 Pac. 951, that "a void judgment may be vacated at any time on motion of any interested party." The fact that the term of court at which the judgment was rendered had expired does not serve to give a void judgment any standing. It may be attacked at any time upon motion or collaterally. Wheatland Grain & Lumber Co. et al. v. Dowden, 26 Okla. 441, 110 Pac. 898; Harding v. Gillett et al., 25 Okla. 199, 107 Pac. 665; Nicoll et ux. v. Midland Savings & Loan Co., 21 Okla. 591, 96 Pac. 744; Anglea v. McMaster et al., 17 Okla. 501, 87 Pac. 660; In the Matter of the Application of Frank McMasters for a Writ of Habeas Corpus, 9 Okla. 432, 60 Pac. 280.

Counsel for defendant, who did not represent it at the time the default occurred, has filed an able and exhaustive brief, and therein raises many legal points against the validity of the judgment, and we are quite sure that several of the grounds urged here would have been amply sufficient to have defeated the judgment if the same had been timely interposed before the default, but we are convinced that none of the same can rescue the defendant from the judgment, unless it be the one advanced that the judgment is void for want of jurisdiction. It can serve no good purpose to discuss the other points urged in the brief, and we will confine the discussion to whether or not the court had jurisdiction to render the judgment .

The defendant was a foreign corporation, with its principal offices at Dallas, Tex., and had designated no agent in the state upon whom service could be had, so the same was attempted to be made by publication.

Plaintiff's petition contained two counts: In the first count it was alleged that plaintiff and wife had executed to defendant a mortgage upon a certain tract of land in Carter county to secure a note in the sum of $2,485; that the mortgage was filed of record in the office of the register of deeds of that county; that the notes had been fully paid and satisfied; and that the defendant had failed to release the same, and prayed for judgment canceling the mort-gage and removing the same as a cloud upon his title.

In count No. 2, the plaintiff repeated the allegations in count 1, and pleaded, further, that defendant had been served with notice to release said mortgage, and that it had failed to do so for 331 days, and prayed for a judgment in the sum of $24.85 for each day and a total of $8,224.35. In the case of Ballew v. Young, 24 Okla. 182, 103 Pac. 623, 23 L. R. A. (N. S.) 1084, it is held:

"Where it is stated, in an affidavit to obtain service by publication, that a defendant is a nonresident of the state, and service cannot be had upon him within the state, and such affidavit is otherwise sufficient, it is not void or voidable because facts are not stated therein showing that plaintiff, by the use of due diligence was unable to make service of summons upon the defendant." Fenton v. Burleson, 33 Okla. 230, 124 Pac. 1087; Richardson et al. v. Howard, 51 Okla. 240, 151 Pac. 887.

Measured by the foregoing authorities, we are of the opinion that the affidavit for publication sufficiently complies with the statute as to every requirement, unless the nature of the action was one which does not permit service upon the defendant by publication. Section 4722, Rev. Laws 1910, as far as applicable here, reads as follows:

"Service may be made by publication in either of the following cases: In actions brought under section 4671 * * * where any or all of the defendants reside out of the state, or where it is stated in the affidavit for service by publication that the plaintiff with due diligence is unable to make service of summons upon such defendant or defendants within the state; * * * in actions which relate to, or the subject of which is, real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a nonresident of the state or a foreign corporation. * * *"

Section 4671, as far as applicable, reads as follows:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next section. * * *"

"Fourth. To quiet title, to establish a trust in, remove a cloud on, set aside a conveyance of, or to enforce or set aside an agreement to convey real property."

Was the action instituted by plaintiff one wherein the statutes authorize a summons by publication? If the decree sought to remove a cloud from the title to real

property or to exclude the defendant from some interest therein, then, the defendant being a nonresident, the statute authorized the action and summons by publication was proper, but if the plaintiff is seeking relief against the defendant personally, then summons by publication cannot be upheld. In Robinson v. Kind, 23 Nev. 330, 47 Pac. 1, 977, it is said:

"An action to cancel a deed of real and personal property located in part in the county in which the action is brought, is an action, in part, 'for the recovery of real property, or an estate or interest therein,' under Gen. Stats. § 3040, and, being substantially a proceeding in rem, may be prosecuted against a nonresident by publication."

From Morris v. Graham et al. (C. C.) 51 Fed. 53, we take this excerpt:

"A bill to remove cloud from title to real estate lying in a state is not an action in personam, to which personal service is necessary, and the state has authority to provide for service upon nonresidents by publication."

In Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, it is said:

"It is true that in a strict sense, a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but in a larger and more general sense the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them, or of some interest therein. * * * So far as they affect property in the state, they are substantially proceedings in rem in the broader sense which we have mentioned." Tennant's Heirs v. Fretts, 29 L. N. S. 625; 32 Cyc. 471.

It is apparent from the above citations that an action to cancel a mortgage of record upon real estate is one in rem. The statute on that subject is so clear that it is susceptible of no other construction. In fact, section 4671 specifically states that an action to quiet title to real estate and to remove clouds from such titles are local actions.

And it is equally apparent that an action for the recovery of a penalty for failure to release a recorded mortgage after the same has been satisfied is a personal action. In no sense can such an action be said to relate to an interest in real property.

Not every action growing out of transactions concerning real property is local. Where the decree sought is to operate on the person, and not upon the real property, the location of the property indirectly affected is not material.

In the case of Chicago, R. I. & P. Ry. Co. v. Wynkoop, 73 Kan. 590, 85 Pac. 595, the facts showed that a party had entered into a contract with a railroad company wherein the company had agreed, when procuring the right of way over his land, to permanently maintain an open passageway at a certain point under the railroad track, so that the party would have an open way connecting the two parts of his farm. Afterwards the railroad company closed up this passageway, and the party instituted an action in another county for an injunction. The company urged that it was an action in rem, and could be maintained only in the county where the subject of the action was situated, but it was held such an action, which had for its object the preventing of the closing of said undergrade crossing, was an action in personam.

It is fundamental that no valid personal judgment can be obtained against a party unless he is personally served with process within the state or voluntarily enters his appearance. As neither of these conditions appear in the case at bar, it follows that the personal judgment against the defendant in the sum of $8,224.35 was absolutely void.

Here it recurs, What is the status of the entire judgment, it appearing that the action for the cancellation of the mortgage of record can be maintained and that the action for the penalty for failure to release cannot be maintained under our procedure? We have been able to find but few cases where this exact situation has been passed upon by any court. The case of Zimmerman v. Barnes, 56 Kan. 419, 43 Pac. 764, is in point and it was there held:

"It is irregular and erroneous to join claims only personal in their nature with others wherein constructive service is allowable, and then proceed to obtain such service as to the several incongruous claims; and, where a motion to set aside such service is seasonably made, it should be sustained."

The contrary view was held in Porter Land & Water Co. v. Baskin (C. C.) 43 Fed. 323, as follows:

"In a suit to establish a trust in real estate, service may be had on a nonresident, though the bill also prays for an accounting and for other relief."

To the same effect is Chesley v. Morton, 9 App. Div. 461, 41 N. Y. Supp. 463:

"The complaint, when scrutinized, will be seen to have two aspects. It seeks to obtain a judgment against the defendant for the amount claimed to be due by him to the firm of Morton & Chesley. In this aspect it is purely personal in its nature. But the demand for a receiver of the partnership effects, with power to sell, shows that more is sought than a merely personal judgment. There can be no doubt that a member of a dissolved partnership has a lien upon its assets. He is not compelled to rely upon the solvency of his copartner, but is entitled to the specific application of the joint assets to the payment of the sum due him upon the dissolution. Lindley on Partnership (6th Eng. Ed.) 358, 542; Story on Partnership, §§ 97, 347; Taylor v. Neate, 39 Ch. Div. 538. The demand of the receivership and injunction is here made in order to effectuate this lien, and the relief prayed for is justified by the allegations of the complaint. Regarding the plaintiff's suit in this aspect, that is, as one brought to enforce a lien upon the partnership assets in this state, it comes precisely within the provisions of subdivision 5 of section 438 of the Code, and there can be no doubt that it is an action of the class which may be begun through service by publication. Specific property within the limits and jurisdiction of this state is sought to be subjected to a lien in favor of the plaintiff, one of the actions particularly mentioned in Pennoyer v. Neff, supra.

"But one further question remains to be considered. The plaintiff demands a greater measure of relief than could be given him in an action begun without personal service of summons. Is it essential to the granting of the order that the action, in all its aspects, be maintained here? We think not. Section 439 of the Code requires the complaint to show 'a sufficient cause of action against the defendant to be served.' This the present complaint does. It demands a measure of relief which the court is competent to grant, together with more which it is not. It frequently happens, however, especially in equity suits, that more is asked than the facts proven permit the court to grant. This, however, is no obstacle to the rendering of the decree to which the plaintiff is entitled. The plaintiff if he proves his case, is entitled, secundum allegata et probata, to the application of the New York assets to the payment of his claim, and this right is 'a sufficient cause of action against the defendant' within the meaning of section 439. Porter Land & Water Co. v. Baskin (C. C.) 43 Fed. 323, decided under the California Civil Code, is an authority on this point." Neal v. Reynolds, 38 Kan. 432, 16 Pac. 785.

In view of the fact that the two counts state separate and distinct causes of action, in no way relating to or depending upon each other, and, further, as there has been no commingling of the relief granted in the judgment, we are inclined not to follow the rule laid down in the case of Zimmerman v. Barnes, supra, but it appears to us that the facts in the case at bar warrant us in holding with the last two above-quoted cases that the joining of the two causes of action, the one being maintainable, and the other not, in the same petition will not operate to vitiate the entire procedure, but that the cause of action set forth in the first count in the petition was properly maintained and the judgment rendered therein, canceling the mortgage of record as prayed for, valid and regular, but that the cause of action set forth in the second count of the petition could not be maintained against a nonresident defendant, and the judgment rendered thereon was void for lack of jurisdiction.

After the court had overruled defendant's motion to set aside the judgment, the defendant filed a motion for a new trial, which was also overruled. Both of said motions were overruled on the same day, and defendant was then given time to make and serve case-made for an appeal. It was not made known whether the appeal was taken from the action of the court in overruling the motion to set aside the judgment or the motion for a new trial. As a motion for a new trial to review the order of the court denying a motion to set aside a judgment is unauthorized by statute (Owen v. District Court of Oklahoma et al., 43 Okla. 442, 143 Pac. 17); in fact, a vain and useless motion, an appeal from an order denying such a motion would also be a nullity. But as an appeal does lie from an order of the court denying a motion to set aside and vacate a judgment, we are inclined to hold that the appeal taken by the defendant was from such order.

Plaintiff suggests that no summons was issued by defendant upon the filing of its motion to set aside the judgment. The record shows that plaintiff appeared at the hearing upon the motion and participated therein, which, of course, operated as a waiver of the issuance and service of summons.

We recommend that the judgment based upon the cause of action set up in the first count of the petition, cancelling and holding for naught the mortgage of record, be affirmed, and that the judgment based upon the second count, being a judgment against defendant for $8.224.35, be reversed, and said second count in said petition be dismissed.

By the Court: It is so ordered.