Hartman v. Hosmer.

FRED HARTMAN v. T. D. HOSMER.

No. 12,622.  ( 70 Pac. 598.)

SYLLABUS BY THE COURT.

1. CONVEYANCE—*Fraud—Burden of Proof.*  In an action to subject property to the payment of debts, which it is alleged had been sold or conveyed with the fraudulent intent to hinder, delay and defraud creditors, the burden of proving the existence of fraud is on him who asserts it.  He must not only show that such was the intent of the vendor, but also show that the purchaser had knowledge thereof or had knowledge of facts that would arouse the suspicions of an ordinarily prudent man.

2. PRACTICE, DISTRICT COURT—*Objections to Special Questions.*  Where objections are made to all the special questions requested by one party, and no specific objection is made to any separate question, and some of such questions are proper and should be submitted, *held,* that it is not error to overrule such objections.

Error from Atchison district court; W. T. BLAND, judge.  Opinion filed November 8, 1902.  Affirmed.

*T. A. Moxcey,* and *Jackson & Jackson,* for plaintiff in error.

*W. W. & W. F. Guthrie,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. :  Plaintiff in error, as sheriff of Atchison county, levied several orders of attachment on, and took possession of, a certain stock of boots and shoes as the property of Pearl Dickey.  The stock was in the possession of T. D. Hosmer.  Hosmer replevied as owner.  The contentions of plaintiff at the trial were that Dickey had sold the goods with the fraudulent intent to hinder, delay and defraud her creditors, and that Hosmer knew this fact at the time he purchased, or had knowledge of sufficient facts to arouse the suspicions of an ordinarily prudent man.  Plaintiff recovered and defendant prosecutes error.

There is sufficient evidence in the record to sustain the verdict and findings of the jury, and the judgment thereon, if it shall be determined that the court committed no material error in excluding or admitting evidence, in giving or refusing instructions, or in submitting special questions. An examination of the record convinces us that no prejudicial error was committed in the admission or exclusion of evidence. The evidence amply proved, and the jury found, that Pearl Dickey disposed of the stock with the fraudulent intent to defraud her creditors. To show that Hosmer had knowledge of this fact, the defendant undertook to prove, among other things, that A. J. August, of St. Joseph, Mo., was a partner of Hosmer in this transaction, and that August had knowledge of the fraudulent intention of Dickey, and, therefore, his partner, Hosmer, was chargeable with such knowledge. It is alleged here that the court erred in refusing to give an instruction upon this question, submitted by the defendant, as follows :

"If the jury believe from the evidence in this case that A. J. August and the plaintiff were partners in the business in which the plaintiff was engaged at the time of the claimed purchase of the stock in controversy from the Dickeys, and that said A. J. August knew or had knowledge of such facts as would put a reasonably prudent man upon inquiry, and which, if followed, would lead to the knowledge that the agent or representative of Mrs. E. P. Dickey sold the stock or negotiated the sale of the stock in controversy in this case, and that such agent did so with the purpose of hindering, delaying and defrauding the creditors of said People's Shoe Store, that would be notice to the plaintiff in this case of such fraudulent purpose and intention, and he cannot evade the effect of the notice which his partner had, or might have had, as stated above."

Generally a court should instruct the jury in the law of the case upon the theory contended for at the trial by either party, where there is evidence in support thereof; but it would not only be confusing to the jury, but might be prejudicial error, to instruct in the law applicable to facts upon which no substantial evidence had been offered. There is no evidence in the record tending to prove that A. J. August had any knowledge of the fraudulent intent of Dickey. Consequently there was no prejudicial error in refusing the instruction.

Error is also assigned because of the exclusion of certain questions asked of witness Dickey as to the amount of her liability to one of the attaching creditors. This was unimportant. The liability of Dickey to the attaching creditors was not a controverted question; her liability, or the amount thereof, was not questioned. ·

It is objected that the witness McClain was not permitted to testify how long August had been engaged in purchasing stock from failing merchants. This becomes unimportant in view of the fact that it clearly appeared in the evidence, and is undisputed, that he had been thus engaged for at least eight years.

The court instructed the jury that the burden of proof of the intention of fraud was on him who asserts it. It is objected that this instruction does not correctly state the law applicable to this case. The contention is that, when the defendant established the fraudulent intent of Dickey in disposing of her property, the burden was then on Hosmer to prove that he was an innocent purchaser for a valuable consideration. The rule sought to be invoked is applicable in an action brought by a vendor to recover possession of his property against a vendee who has purchased

Hartman v. Hosmer.

the property from one who fraudulently obtained the title. It has no application, however, in actions like the present one. The instruction given in this case has been held by this court to be correct. (*Baughman, Sheriff, v. Penn*, 33 Kan. 504, 6 Pac. 890; *Dodd, Brown & Co. v. Hills & Kramer*, 21 id. 707; *Long Bros. v. West & Co.*, 31 id. 298, 1 Pac. 545; *McPike & Fox v. Atwell*, 34 id. 142, 8 Pac. 118.)

Objection is made that the court erred in submitting to the jury the special questions requested by the plaintiff. There were forty-three of these questions, and the objections were "that each and every of said questions involved one or more of the following specific defects, and grounds of objection thereto, and each and all thereof are objectionable, for that they disregard the rule of law applicable under the code and to the particular questions of fact in the respects following." There is no specific objection pointed out to any one of these questions. This general objection cannot be sustained, especially where some of the questions are unobjectionable. The objections were too general to give the court any information as to the nature of the defects of which complaint was made. It is due to the court and to the opposite party that, where objections are made to special questions, they should specifically point out the particular defect of which complaint is made in each of said questions.

There are numerous other contentions, which generally involve questions of fact. We have not deemed them of sufficient importance specially to refer to them. Suffice it to say that we find nothing prejudicial.

The judgment of the court below is affirmed.

All the Justices concurring.