THE HUTCHINSON WHOLESALE GROCER COMPANY V.
G. C. BRAND *et al., as Partners, etc.*

No. 15,775.    (99 Pac. 592.)

SYLLABUS BY THE COURT.

1. PARTIES—*Surety—Action to Compel Principal to Pay.* A surety on a matured debt may maintain action against the principal to compel its payment without showing any fraudulent disposition of property or other special reasons for fearing loss.

2. JUDGMENTS—*Action by Surety to Compel Principal to Pay.* Where such an action is brought by the surety in the same court in which the obligation on which both are liable has already been placed in judgment against the principal, a proper method for accomplishing the purpose sought is the rendition of a personal judgment for the amount involved, with a provision that when collected it shall be paid into court for the benefit of the owner of the original judgment.

3. —— *Immaterial Error—Surplusage.* In such a case the addition of an order that if the judgment be not paid within a stated time the principal be cited to show cause why he should not be held to be in contempt of court is not ground of reversal, but may be rejected as surplusage.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed January 12, 1909. Affirmed.

*F. F. Prigg,* and *C. M. Williams,* for plaintiff in error.

*George L. Hay,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: G. C. Brand and others sued A. J. Grice and the Hutchinson Wholesale Grocer Company in Kingman county, alleging substantially these facts: Some years earlier a replevin action was brought in that county against Grice and the grocer company. A redelivery bond was given in behalf of the defendants, signed by Brand and his associates. Final judgment

was rendered against the defendants, which could have been collected on execution, but which was sold and assigned to F. W. Heryer, a son of the general manager of the company. Heryer sued on the bond in the federal court, not making the grocer company a party.

In this situation the present action was brought by the signers of the bond to compel those for whose benefit it was given to pay the judgment for which it stood as security. Upon trial the court found for the plaintiffs, and rendered judgment directing the amount of their liability on the bond to be collected from the defendants by execution and paid to the clerk of the court for the benefit of Heryer. The grocer company prosecutes error.

The only questions raised are whether the petition stated a cause of action, and whether the judgment rendered was a proper one. It is argued that a surety who has paid nothing can maintain no action unless he shows some special reason for fearing loss, as that his principal is about to make a fraudulent disposal of property. The statute, however, (Civ. Code, § 529) explicitly gives him a right whenever the debt is due to sue to compel the principal to discharge it—a right which exists in equity independent of the statute. (27 A. & E. Encycl. of L. 475; 16 Encyc. Pl. & Pr. 951.) An attempt of the principal to escape payment by fraud is made a ground of action even before the obligation matures. (Civ. Code, § 530.)

The pendency of the case in the federal court is suggested as a ground of demurrer to the petition. That action, however, was not one between the same parties for the same cause, and no reason is apparent why it should be held to defeat the jurisdiction of the state court.

Complaint is made because the court rendered a personal judgment against the defendants, and also because an order was added that if it should not be paid within a stated time they should be cited to show cause

why they should not be deemed guilty of contempt of court. Any error in either respect was immaterial. The purpose of the action was to compel the defendants to pay the judgment in the replevin case—the matured debt upon which they were liable as principals and the plaintiffs as sureties. It was proper that the court should make such orders as might be necessary to accomplish this purpose. Since the proceedings in replevin were had in the same court, a natural and perhaps sufficient method was to order the amount to be collected on execution and paid to the clerk of the court for the benefit of the owner of the judgment in the replevin case. This is in effect what was done. If the addition with regard to a citation as for contempt was unauthorized, it worked no prejudice and may be rejected as surplusage.

The judgment is affirmed.