No. 19,981.

H. M. KNOX, *Appellee*, v. J. G. FARGUSON et al. (E. M. FARGUSON, *Appellant*).

SYLLABUS BY THE COURT.

1. TENANTS IN COMMON—*Voluntary Division—Deed to Tenant's Wife—No Trust Created.* Where parties own land in common and divide it by making deeds to each other, and one of the parties has the deed for his share made to his wife, that deed is not governed by sections 9699 and 9700 of the General Statutes of 1909, relating to trusts.

2. FRAUDULENT CONVEYANCE—*Remedies—Action to Set Aside—Attachment.* Lands conveyed in fraud of the rights of creditors can not be subjected to the payment of their claims until the claims have been reduced to judgment, or, if the debtor is a nonresident of this state, until the lands have been attached and held subject to the payment of such judgment as may be rendered in the action.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed March 11, 1916. Reversed.

*Richard J. Hopkins,* of Garden City, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In December, 1903, defendant J. G. Farguson executed a promissory note to the plaintiff. This action was brought against defendant J. G. Farguson to recover on the note, and against defendant E. M. Farguson to subject to the payment of the note certain real property situated in Finney county.

The evidence proved that defendant J. G. Farguson, together with S. J. Farguson, E. C. Farguson, and M. F. Green, were tenants in common of this and other real property; that in March, 1912, they divided this real property by executing deeds to each other; and that the part set off to J. G. Farguson was at his request deeded to his wife, defendant E. M. Farguson. The petition alleges that this deed was fraudulent as to creditors. On the trial, M. F. Green, a witness for the plaintiff, testified that J. G. Farguson stated at the time the division was made that he would make the deed for his share to his wife and that he owed her more than that. J. G. Farguson did not appear in the action and no service was made on him other than by publication notice. The real property was not attached. Defendant E. M. Farguson introduced no evidence. A demurrer to the evidence was filed. This was overruled. Judgment was rendered, finding that $242.74 was due the plaintiff from defendant J. G. Farguson on the note, decreeing the deed to E. M. Farguson void as against the plaintiff, and that E. M. Farguson held the title to the land in trust for the plaintiff as creditor of J. G. Farguson; and ordering the property sold and the proceeds applied in payment of the costs of the action and the indebtedness to the plaintiff. Defendant E. M. Farguson appeals.

1. She contends that the demurrer to the plaintiff's evidence should have been sustained. The plaintiff bases his right to recover on sections 9699 and 9700 of the General Statutes of 1909. These sections read:

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust

shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections.

"Every such conveyance shall be presumed fraudulent as against the creditors of the person paying the consideration therefor; and where a fraudulent intent is not disproved, a trust shall in all cases result in favor of prior creditors to the extent of their just demands, and also in favor of subsequent creditors if there be sufficient evidence of fraudulent intent."

The deeds from and to the parties to the division of the property owned by them in common were not such conveyances as are mentioned in section 9699. No land was purchased. Each party owned as much before as he did after the conveyances were made. Their act divided the land between them and had the same effect as a partition in an action in the district court. These parties could have signed and acknowledged a single written instrument dividing the property, specifying what each should hold in severalty, and then they could have had the writing recorded and the division would have been made. Their deeds had the same effect. There was a consideration for the deeds, but that consideration was not paid. The consideration for each deed was the right of each grantor in that deed to hold his property separate and apart from the others. The deed to E. M. Farguson had the same effect as if it had been made directly by J. G. Farguson to her; it carried the same right and was burdened with the same disabilities. If it was fraudulent as to the creditors of J. G. Farguson, it was so under section 3834 of the General Statutes of 1909, and not under the sections above quoted. If the plaintiff desired to attack that deed as fraudulent as to him, it was incumbent on him to prove that the conveyance was made with fraudulent intent. (*Dodd, Brown & Co. v. Hills & Kramer,* 21 Kan. 707; *Baughman, Sheriff, v. Penn,* 33 Kan. 504, 6 Pac. 890; *Hartman v. Hosmer,* 65 Kan. 595, 70 Pac. 598.) The plaintiff did not introduce any evidence to show that the conveyance was fraudulent. For this reason the demurrer to the plaintiff's evidence should have been sustained. However, the cross-examination of one of the plaintiff's witnesses tended to show that the deed was made to E. M. Farguson because J. G. Farguson owed her more than the value of his interest in the land.

2. Other reasons not advanced in brief or argument exist why the plaintiff can not recover in this action. The plaintiff's claim was in the form of a promissory note. It had not been put into judgment. Although J. G. Farguson was a party to the action, the court did not have jurisdiction of him. No judgment could be rendered against him. (*Repine v. McPherson,* 2 Kan. 340, 346; *Zimmerman v. Barnes,* 56 Kan. 419, 421, 43 Pac. 764.) This action is in the nature of a creditor's bill, and such an action can not be maintained until judgment has been rendered on the indebtedness. (*Tennent v. Battey,* 18 Kan. 324; *Underwood v. Fosha,* 96 Kan. 549, 553, 150 Pac. 571.)

It appears from the record, which we have before us, that defendant J. G. Farguson was a nonresident of this state. If the conveyance to E. M. Farguson was fraudulent, a writ of attachment could have been levied on that property, and it could have been held in the custody of the law to await any judgment that might be rendered in the action, and then sold to satisfy that judgment. The attachment would have been subject to the right of defendant E. M. Farguson to protect her interest in the property in any proper proceeding.

The judgment is reversed. The trial court is directed to sustain the demurrer to the plaintiff's evidence and to render judgment for defendant E. M. Farguson.