No. 31,075

Zula M. Zeigler, *Appellee,* v. J. Shannon Nave et al., *Appellants.*

(23 P. 2d 614.)

Opinion filed July 8, 1933.

*A. V. Roberts, Benjamin F. Hegler, Roger P. Almond,* all of Wichita, *Charles McCabe* and *Chase B. Harding,* both of Crawfordsville, Ind., for the appellants.

*Robert C. Foulston, George Siefkin,* both of Wichita, *C. W. Dice, Robert H. McKinney,* both of Covington, Ind., *George I. Martin* and *Oris Barth,* both of Urbana, Ill., for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action of partition, brought by Zula M. Zeigler against J. Shannon Nave and others, for the partition of real estate in which she and the defendants had interests. A decree of partition was entered, and the ownership of plaintiff, which was in dispute, was determined, and her title to that interest was quieted. The defendants appeal.

There was no controversy by the owners as to partition of the property, but defendants contested the plaintiff's title and right to share in the same, contending that the conveyance to her by William Zeigler was in fraud of his creditors and claiming, too, that William Zeigler, the father of plaintiff, who conveyed property to her, was insolvent when it was conveyed, that the transfer was without substantial consideration, and that both father and daughter knew of the insolvency, and the transfer was made for the purpose of defrauding creditors of William Zeigler. Upon the testimony the court found that the transfer was free from fraud, was made in

good faith and for a valuable consideration. The findings of fact and conclusions of law made by the court follow:

"FINDINGS OF FACT

"1. This action is brought by Zula M. Zeigler to partition three tracts of land located in Wichita, Kansas. Record title to tracts one and three as described in plaintiff's petition prior to the deed to Zula M. Zeigler, which is questioned, stood as follows: An undivided one-half (½) in J. Shannon Nave, an undivided three-eighths (⅜) in William Zeigler, and an undivided one-eighth (⅛) in Charles W. Zeigler; likewise, record title to tract No. two stood; an undivided three-fourths (¾) in William Zeigler and an undivided one-fourth (¼) in Charles W. Zeigler. The undivided one-fourth in tracts Nos. one and three and an undivided one-half in tract two comes through the estate of T. Reid Zeigler.

"2. August 30, 1930, William Zeigler, a widower, deeded to his daughter, Zula M. Zeigler, for a consideration of 'one dollar and other valuable consideration' all his right, title and interest in the three described properties, subject to existing mortgages of record. It is this deed around which centers the principal contest of this case.

"3. A valuable consideration was paid by Zula M. Zeigler for the interest of her father in the property in question. This included considerable money which she had advanced in the past for nurse and medical bills of various kinds, living expenses and similar items; also the assumption of past and future attorney fees caused by much litigation concerning the various properties and interests; also an agreement to care for and support her father during the remainder of his life, which she has, since the execution of said deed, been doing.

"4. At the time of the conveyance to his daughter the father owned other property, including an undivided one-third (⅓) interest in 480 acres of land near Attica, Indiana, of a total value in excess of $36,000. He also had an undivided one-fifth (⅕) through the T. Reid Zeigler estate in 140 acres of land in the city limits of Indianapolis, Indiana, of the value of approximately $50,000 to $55,000 in 1930, upon which was a $9,000 mortgage. Also an interest in the remainder of the T. Reid Zeigler estate and other interests, including a one-half (½) of 1,100 acres in Dakota. At the time any obligations upon which he was liable or might become liable were provided for, and neither he nor his daughter had reason to believe that the transfer of the property would be detrimental to the claims of any person. . . .

"5. There are mortgages of record against the properties in question. Also judgment in foreclosure and sale in case 68,226. Since the deed to the plaintiff herein and since the sale in case No. 68,226, trustees have been compelled to pay taxes, for which they should have a lien against the respective interests in the property."

"CONCLUSIONS OF LAW

"1. The plaintiff, Zula M. Zeigler, is the legal owner of the undivided interests in the properties described as conveyed to her by her father in August,

1930; and the remaining undivided interests in the properties are as above set out.

"2. Title should be quieted in plaintiff, subject to the mortgage and liens, as stated.

"3. Partition of the property should be made accordingly and commissioners appointed to make the same, if the same can be done without manifest injury, and if not, then this action should proceed as provided by law."

Around the question of fact as to validity of the transfer to plaintiff the trial of the case centered. A large number of transactions were involved, as to property and securities in which William Zeigler had a part, with relatives and others in Indiana, Kansas and other states. Among these were bonds upon which judgments had been rendered and credits made thereon; obligations secured by mortgages which were foreclosed and foreclosure sales made, the proceeds to be credited on the mortgage debt; certain obligations upon which judgment was rendered in Indiana were sued on in Kansas and credits thereon claimed. Many of the obligations involved, in fact, most of them, had been signed by Zeigler as surety and on which he had only a secondary liability. Some of these had been subsequently paid in whole or in part by principals and those primarily liable, and when the transfer was made by William Zeigler to the plaintiff he had property of considerable value. As has been stated, he had one-third interest in a tract of land near Attica, Ind., the entire value of which being $36,000; a one-fifth interest in another tract near Indianapolis, Ind., worth $50,000; also an interest in another estate in Indiana, value not given, and a one-half interest in 1,100 acres of land in Dakota, value not shown. He appears to have been a man of business activity, had had a part in many transactions in which property and securities were transferred and obligations assumed, most of which was as surety for relatives and associates.

In an effort by defendants to show his insolvency and bad faith in the transfer made to plaintiff, all these obligations were added together by the defendants and most of them without giving credits that should be given. The record discloses the numerous separate transactions, each with details and angles of its own, including accounting and payments made, foreclosure of mortgages and mortgage sales, all set out with much detail, and too numerous to be set out at length in an opinion. No good purpose would be served by a detailed recital of the multiplicity of transactions which the record

contains and upon which the court held that William Zeigler was not insolvent when the transfer in question to plaintiff was made and, further, that it was not made in bad faith. It is enough to say that we have examined the evidence and that; in our judgment, it is amply sufficient to warrant the finding and conclusion of the trial court.

It may be said that all the obligations as originally given by Zeigler, added up without due credits, made a formidable amount, but when proper credits were given a different situation is revealed. There were credits about which there was no dispute and some others, questioned by defendants, to which plaintiff was entitled.

As to a surety, the law is that a payment by a principal which satisfies the obligation, in whole or in part, discharges the debt to the extent of the payment and necessarily discharges the surety to the same extent. Where judgment is rendered against a principal and surety, it is required that the execution shall first go against the property of the principal, and the statute further provides that:

"In all cases, the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution." (R. S. 60-3427.)

The statute further provides that a surety may maintain an action to compel the principal to discharge the debt and, independent of the statute, a right exists in equity to compel a principal to discharge a debt that is due. (*Grocer Co. v. Brand,* 79 Kan. 340, 99 Pac. 592.) William Zeigler, as surety, was certainly entitled to credits where payments had been made and obligations discharged by the primary obligors. He was also entitled to credits in foreclosure sales to the extent of the proceeds of such sales. The evidence, we think, sufficiently supports the finding of the court that he had means to meet his obligations, was not in fact insolvent, and that neither Zeigler "nor his daughter had reason to believe that the transfer of the property would be detrimental to the claim of anyone."

Whether the conveyance was in fraud of creditors was a question of fact for the trial court. Fraud is not presumed, and where it is charged the burden is on him who asserts it. (*Baughman v. Penn,* 33 Kan. 504, 6 Pac. 890; *Hartman v. Hosmer,* 65 Kan. 595, 70 Pac. 598; *Knox v. Farguson,* 97 Kan. 487, 155 Pac. 929.)

There was no lack of consideration for the transfer. Zeigler, it

appears, was over seventy years of age, had been an invalid for some time, and his wife had died about a year before. The daughter undertook to care for him, and it appears she had advanced money to pay nurse and medical bills as well as living expenses. She had also advanced money for attorneys' fees in the litigation which arose concerning the various properties and interests of her father and had entered into the agreement to care for and support her father during the remainder of his life, and this she has done since the execution of the deed.

Our conclusion is that a correct result was reached by the trial court and its judgment is affirmed.