The opinion of the court was delivered by
Valentine, J.:
statement of the case. The petition in the court below states substantially the following facts: On April 29th, 1858/ Blackstone M. Eector, who was at that time the owner in fee simple of the N.W.J of sec, 29, township 4, range 20, in Doniphan county, mortgaged the same to James P. Benson to secure the payment of $280, with interest at the rate of five per cent, per month, which mortgage was recorded May 3d, 1858, and became due April 29th, 1859. Eector afterward conveyed said land to Brenner, Brenner and wife to Hoffman, and Hoffman to A. E. Foreman. Foreman and wife conveyed said land by deed of trust to Enders & Bigelow to secure the payment of a *226 debt, which deed of trust was recorded November 30th, 1859, and then Foreman and wife deeded the west half of said land to Beauchamp. On September 18th, 1862, said Benson foreclosed said mortgage against said Eector, Brenner, Hoffman, A. E. Foreman, and Beauchamp. The judgment in the foreclosure case was for $487.46, and costs. The land was sold under this foreclosure judgment at sheriff sale December 1st, 1862, to Stinson & Havens for $267, and a sheriff's deed was executed to them and recorded February 16th, 1863. Stinson died in 1869, and his interest in the land descended by devise to the plaintiff Lucretia B. Lenox. Havens conveyed his interest in the land to P. E. Havens and Lucien Scott, trustees, etc., and they to plaintiff Lenox. A. E. Foreman died, but when is not stated. Aaron Clem claimed under a deed executed by Kate A. Foreman, widow of A. E. Foreman, about December 6th, 1866. Enders died, time not stated. Bigelow, surviving partner of Enders & Bigelow, foreclosed said deed of- trust in the district court of Doniphan county against “the heirs and wife of said A. E. Foreman, and others.” The judgment in this foreclosure case was for $778.58. The S.J and N.W.£ of N.W.-J of said sec. 29 was sold under this foreclosure judgment, at sheriff sale, on June 6th, 1868, to Henry Eeed for $270, and a sheriff’s deed was executed to him for the same, and he and David Eeed sold the same to John A. Bruce and executed a bond to him for the same. It is not stated in the petition who is in possession of said land, nor whether any improvements have been made thereon; nor when said deed of trust became due; nor when it was foreclosed; nor who were the “others,” beside “the heirs and wife of said A. E. Foreman,” who were parties defendant in the suit to foreclose said deed of trust; nor why only a portion of the land was sold under the deed-of-trust judgment to Henry Eeed; and with reference to several of the deeds, the time when they were executed and recorded is not stated. And the record does not show definitely when this suit was commenced. The object and prayer of the petition below seems *227 to be to have the court declare that the plaintiff has a prior lien on said land for the amount of said mortgage, with the interest therein expressed, and to have the land sold to satisfy said lien, and to have all the rights, interests, and claims of all the parties in or to said land thereafter barred and foreclosed.
*228 i.Foreclosure; pSesP *227 The legal title to the land would now seem to be in the plaintiff unless the judgment in the action foreclosing said deed of trust has otherwise, disposed of the same. Eector was once the absolute owner of the land. The title passed from him, through Brenner and Hoffman, to A. R. Foreman, and for the west half of the land the title passed from Foreman to Beauchamp, and then by the foreclosure of the mortgage, and the sheriff sale and deed thereunder, the title to the whole of the land passed from Foreman and Beau-champ to Stinson & Havens, and from them as aforesaid to the plaintiff. The defendant Clem holds under a deed executed by the widow of A. R. Foreman. But this deed was executed after the title to the land had passed from Foreman to Stinson & Havens,'and after Foreman’s death. Hence, Clem got no title. The mere execution of said trust deed of course conveyed no title to. Enders & Bigelow, (although Foreman at the time he executed the same held the entire title to the land,) for a deed of trust given to secure the payment of money was at that time merely a mortgage, (Laws of 1859, p. 571, § 2; Comp. Laws, 722, § 2,) and a mortgage in this state conveys no estate or title to the land, but only creates a lien thereon. (Chick v. Willetts, 2 Kas., 385, 391.) But the defendants Reed and Bruce hold under a foreclosure of said deed of trust, and if the plaintiff, or any of. her grantors, were, while the title to the land was in them, parties to said foreclosure suit, then the proceedings therein are binding and conclusive upon the plaintiff, and Reed got a good title to his land thereunder. But the deed of trust was foreclosed after the title to the land had passed from Foreman and Beauchamp to Stinson & Havens; and unless Stinson & Havens, or their grantors, were parties to the foreclosure suit, the foreclosure was a nullity, ^nd the defendant Reed acquired *228 no title to said land; and if he had no title, then the defendant Brace has no interest in the land. It is essential therefore, to a proper determination of this case, that we inquire as to who were the defendants in said foreclosure case. The petition in -this case says that “the heirs and wife of A. R. Foreman and others were defendants ” in said foreclosure case. Then who were those “ others,” mentioned in the petition as defendants, whose names are not given ? A foreclosure, as we have already stated, against the widow and heirs of A. R. Foreman alone would, as a foreclosure, be a nullity; for neither the widow nor the heirs ever had any interest in the land; nor are they the proper parties to sue, even' for the debt secured by the deed of trust. Foreman’s interest in the land, as we have already stated, had passed from him before his death. Everything therefore would seem to require that we should presume that the plaintiff, or her grantors, were parties to said foreclosure suit. Everything certainly would seem to require us to presume that those “others” mentioned in the plaintiff’s petition as parties to said foreclosure suit were all the persons who would b& proper parties to such suit, and most certainly all persons who would be necessary parties thereto. In a foreclosure suit the person who holds the legal title to the property is always a necessary party. In this case, Stinson & Havens, or their grantees, held the legal title when said deed of trust was foreclosed, and therefore we must presume that they were parties to the suit; and if they were, then all the proceedings therein are binding and conclusive upon this plaintiff.
*229 2. presumption, stateafeets *228 Then what are the rights of the parties respectively in the present case? The mortgage given by Rector to Benson must be considered, with respect to said deed of trust, as a senior mortgage; and the deed of trust given by Foreman to Enders & Bigelow must be considered under the laws of this state as a junior mortgage. The senior mortgage was foreclosed without making the holders of the junior mortgage parties to the foreclosure suit. We suppose it will be admitted by the plaintiff, that the holders of the junior mortgage might maintain an action to foreclose their mortgage, making all *229 persons having any interest in the land, or any right under the senior mortgage, parties thereto, and that the plaintiffs in such action would be entitled to a judgment giving to them whatever should be left after doing entire justice and equity to all the other parties; and such judgment would be binding and conclusive upon all the parties to the suit. Such a foreclosure has already been had in the foreclosure of said deed of trust, and it must be presumed that the plaintiff or her grantors were parties thereto, and therefore she must now look to the judgment in that ease to ascertain her rights. If this is not a correct interpretation of her petition, she must amend it. She should have stated originally who these “others” were, who were parties defendant in the suit to foreclose said trust deed. This we think disposes of this case, and renders it unnecessary to consider any of the other questions that have been discussed by counsel. The petition in the court below was demurred to by the deféndant Eeed, on the ground that it did not state facts enough to constitute a cause of action. ¥e think said petition is defective because it presumptively shows that the plaintiff’s rights have been determined in another action. It must be remembered that this is not an action for the recovery of real property, nor to quiet title or possession to real property, nor to remove a cloud from the plaintiff’s title; nor to foreclose a mortgage; but (as admitted by plaintiff’s counsel, in their brief,) it is an action to determine the priority of certain liens growing out of mortgages or mortgage foreclosures, and asking to have the land sold to satisfy said liens in accordance with their priorities. Viewing the case in this light, no cause of action is stated in said petition against Eeed, and possibly none is stated' against either of the other defendants, for it must be presumed that everything that the plaintiff now asks has already been litigated in another action, and finally determined. The order of the court below sustaining said demurrer is affirmed.
Kingman, C. J., concurring.
Brewek, J., not sitting in the case.