## LINDEBERG v. MESSMAN.

No. 10604—Opinion Filed Sept 18, 1923.

(Syllabus.)

**1. Evidence—Sheriff's Deed as Prima Facie Evidence of Title.**

A sheriff's deed is, of itself, prima facie evidence that the grantee holds all the title and interest in the land conveyed that was held by the judgment debtor at the time of the rendition of the judgment, or at any time thereafter up to the sale of the premises; and is prima facie evidence of the validity of the judgment upon which such sale is based.

**2. Ejectment— Defenses— General Denial.**

In an action in ejectment, all defenses, legal and equitable, may be proven under a general denial.

**3. Judgment — Collateral Attacks — Defective Petition.**

Where the district court had jurisdiction of the subject of the action, and of the parties, its judgment cannot be attacked collaterally on the ground that the petition in said action either defectively stated a cause of action, or failed to state one.

Error from District Court, Pawnee County; Frank Mathews, Judge.

Action by L. E. Messman against Frank E. Lindeberg to quiet title, etc. Judgment for plaintiff, and defendant brings error. Affirmed.

Edwin E. McNeill, for plaintiff in error.
L. V. Orton, for defendant in error.
NICHOLSON, J. This was an action by L.E. Messman, as plaintiff below, against Frank E. Lindeberg, as defendant below, for the possession of, and to quiet title to 160 acres of land in Pawnee county. The parties will be referred to herein as they appeared in the trial court.

The plaintiff for his first cause of action alleged that he was the owner of and entitled to immediate possession of certain lands in Pawnee county; that he derived his title thereto under and by virtue of a sheriff's deed, executed and delivered to him by the sheriff of Pawnee county on the 21st day of June, 1916, a true copy of which deed was attached to the petition as an exhibit, and made a part thereof; that the defendant was unlawfully in possession of said real estate, and had collected

the rents and profits therefrom, without the consent of the plaintiff; that the reasonable rental value of said premises for the years 1916, 1917, and 1918, was the sum of $450, and that the defendant had collected oil and gas rentals from said real estate amounting to the sum of about $1,000; that copies of various conveyances constituting the claim of title to said land were attached to and made parts of said petition; and prayed judgment against the defendant for the possession of said real estate, and for damages in the sum of $1,450.

For a second cause of action plaintiff alleged that the defendant had no right, title, or interest in or to said real estate. but claimed some interest therein, and prayed that plaintiff's title be quieted as against the defendant.

To this petition the defendant filed a demurrer, which was by the court overruled, whereupon an answer was filed in which, after denying each and every allegation in the petition contained except such thereof as were expressly admitted, the defendant averred that the sheriff's deed set forth in the plaintiff's petition was made and obtained by reason of a transcript of a judgment filed in the district court of Pawnee county on the 16th day of November, 1912; that the original judgment from which the transcript was made was rendered against the defendant, Frank E. Lindeberg, and others in the superior court of Garfield county, on the 5th day of January, 1912, in a case in which the Standard Savings & Loan Association was plaintiff, and T. M. Bumstead, R. L. Kingham, Gertie Kingham, J. A. Lee, and Frank E. Lindeberg were defendants, a copy of the petition in said cause being attached to said answer as exhibit "A", and made a part thereof. That J. A. Lee filed in said cause his answer and cross-petition against said Frank E. Lindeberg, a copy of which was attached to said answer as exhibit "B", and made a part thereof; a copy of the judgment in said cause being attached to said answer as exhibit "C".

It was further averred that the judgment rendered in said cause was null and void for the reason that the petition therein did not state facts sufficient to constitute a cause of action in favor of the Standard Savings & Loan Association and against the defendant J. A. Lee, and that the transcript of said judgment filed in the district court of Pawnee county was null and void; that said sheriff's deed, made and executed by reason of an execu-

tion issued upon said transcript of judgment, was null and void, and the court had no jurisdiction to confirm the sale 'had upon said void judgment.

It was further averred that the cross-petition of J. A. Lee against the defendant Frank E. Lindeberg did not state a cause of action against said defendant; that the defendant Frank E. Lindeberg had been maintaining possession of said premises since April 3, 1913, by reason of a quitclaim deed from Frank E. Lindeberg to August Lindeberg, a copy of which was attached to the answer as an exhibit: that at and prior to the time said deed was executed and delivered by said defendant to said August Lindeberg, said defendant was the head of a family residing on said premises and using the same as a homestead, all of which was for more than three years prior to the time said execution was issued; and that said defendant maintained possession of said premises by consent of August Lindeberg, and was and had been paying said August Lindeberg rent therefor. Afterwards this answer was amended by pleading that the defendant was the owner of said premises.

On motion of the plaintiff, the third and fourth paragraphs of said answer, being that portion of said answer setting out the pleadings and judgment in the case of Standard Savings & Loan Association against Bumstead and others, and pleading the invalidity of said judgment, were stricken.

A reply was filed, denying the averment of the answer and pleading that the question of homestead pleaded in said answer was fully litigated and determined adversely to the defendant in cause No. 3861 in said court. Upon the issues thus presented, a trial was had to the court, which resulted in a judgment for the plaintiff for the possession of said premises, for the sum of $250 damages, and quieting his title, and it is this judgment of which the defendant complains.

It is contended that the court erred in not sustaining the demurrer of the defendant to the evidence of the plaintiff, because the plaintiff failed to prove facts sufficient to constitute a cause of action. This presents the question of whether or not the introduction of the sheriff's deed was sufficient to make out a prima facie case, or whether it was incumbent upon the plaintiff to prove the truth of the recitals set forth in the deed.

Section 710, Comp. Stat. 1921, provides that:

"The [sheriff's] deed shall be sufficient evidence of the legality of such sale, and the proceedings therein, until the contrary is proved, and shall vest in the purchaser as good and as perfect an estate in the premises therein mentioned as was vested in the party at, or after, the time when such lands nd tenements became liable to the satisfaction of the judgment; and such deed of conveyance, to be made by the sheriff or other officer, shall recite the execution or executions, or the substance thereof, and the names of the parties, the amount and date of rendition of each judgment by virtue whereof the lands and tenements were sold. * * *"

This statutory provision was borrowed from the state of Kansas, and the Supreme Court of that state in Shields v. Miller, 9 Kan. 390, held that by such provision the sheriff's deed proved prima facie that the sale under which it was made was legal, and that the deed itself was prima facie evidence that the grantee held all the title and interest in the land that was held by the judgment debtor at the time of the rendition of the judgment, or at any time thereafter, up to the time of the sale of the premises and was prima facie evidence of the validity of the judgment. To the same effect are Bartlett v. Feeney, 11 Kan. 444, and Ogden v. Walters, 12 Kan. 227, and this was the holding of the Supreme Courts of Arkansas and Nebraska in construing statutes of similar import. Jordan v. Bradshaw, 17 Ark. 196; Everson v. State (Neb.) 92 N. W.

The sheriff's deed, introduced in evidence, contained all the recitals required by section 710, supra, and was of itself prima facie evidence that the plaintiff, the grantee therein, held all the title that was held by the defendant, the judgment debtor, at the time of the rendition of the judgment or at any time thereafter, up to the sale of the premises, and was prima facie evidence of the validity of the judgment itself. It follows that the court did not err in admitting such deed in evidence, without evidence being introduced to prove the existence of the judgment, execution, sale or confirmation. If any of these were lacking, or if for any reason any of them were invalid, it was incumbent upon the defendant to so prove..

It is next urged that the court erred in striking that part of the defendant's answer which pleaded the petition, the answer and cross-petition of J. A. Lee against the defendant Lindeberg, and the judgment in the case of Standard Savings & Loan Association v. Bumstead and others, and in striking that part of said answer pleading

the invalidity of the judgment in said cause, for the reason that neither the petition nor the cross-petition of Lee stated facts sufficient to constitute a cause of action against the defendant Lindeberg.

We do not think the court erred to the prejudice of the defendant in this regard. This being an action in ejectment, with which was merely joined an action to quiet title, the defendant could have proven any defense available to him under a general denial (Comp. Stat. 1921, sec. 468; Eller v. Noah, 66 Okla. 222, 168 Pac. 819), and it was unnecessary to plead the matters stricken.

The defendant has not pointed out wherein the petition and cross-petition complained of were defective, but if it could be held that these pleadings defectively stated a cause of action or failed to state one, that would not have rendered the judgment void, and it could not be attacked collaterally as is attempted in this case. Welch v. Focht et al., 67 Okla. 275, 71 Pac. 730; McDougal, Gdn., v. Rice, 79 Okla. 303, 192 Pac. 415.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, COCHRAN, BRANSON, HARRISON and MASON, JJ., concur.