## UNUSSEE v. McKINNEY et al.

No. 17992.    Opinion Filed April 24, 1928.

Rehearing Denied Oct. 16, 1928.

Kenneth H. Lott, Francis Stewart, Joseph C. Stone, and Charles A. Moon, for plaintiff in error.

C. T. Huddleston, James M. Shackelford, and Ethel M. Proffitt, for defendants in error.

PHELPS, J.    Mistaley Chupco, a full-blood Creek Indian, was the allottee of, and died the owner of the land involved in this litigation.    He and Nicey Unussee, plaintiff in error here, began living together as husband and wife in 1899.    They had one child, which died in infancy.    In 1902 or 1903 they voluntarily separated, and in 1903 or 1904 Nicey and Barnosee Unussee began living together as husband and wife.    They reared a family of four children and were still living together as husband and wife during the progress of this litigation.

After the separation of Mistaley Chupco and Nicey, Mistaley and an Indian woman by the name of Yarner were united by ceremonial marriage and continued to live together as husband and wife until June, 1920, when Mistaley died.    To this union one child was born, but died soon after the death of its father, Mistaley Chupco.

This action was brought in the district court of Okfuskee county by Nicey Unussee, claiming to be the lawful wife of Mistaley Chupco at the time of his death, and praying judgment decreeing her to be the owner of the land constituting his allotment, for possession thereof, removal of cloud upon the title, and for accounting of rents and profits, and from judgment against her in the district court, she prosecutes this appeal.

It will, therefore, be seen that the sole question presented by this appeal is whether Nicey Unussee was the lawful wife of Mistaley Chupco at the time of his death.    If she was, the judgment of the district court is erroneous and should be reversed, and if she was not, said judgment was correct and should be affirmed.

The trial court made findings of fact and conclusions of law which are incorporated in the record.    To reverse the judgment, plaintiff in error presents two propositions, the first of which is that the trial court erred in finding that the separation of Mistaley and Nicey constituted a' termination and dissolution of their marital relations and left them free to contract subsequent marriages.

It is the contention of plaintiff in error that the Act of Congress of June 7, 1897, 30 Stat. 62, giving the United States courts jurisdiction in the Indian Territory after January 1, 1898, and section 28 of the Act of Congress of June 28, 1898, commonly known as the Curtis Bill and which became effective as to the Chickasaw, Choctaw, and Creek Tribes of Indians on October 1, 1898, dissolves the tribal courts, and since they have not invoked the jurisdiction of the courts substituted by Congress for the tribal courts, that the tribal separation customs could not operate as a dissolution of the marital relations.

This court, however, has decided adversely to this contention in Buck v. Branson, 34 Okla. 807, 127 Pac. 436, and James v. Adams, 56 Okla. 450, 155 Pac. 1121, in the first paragraph of the syllabus in which cases this court held that:

"A marriage contracted between members of an Indian tribe, in accordance with the customs of such tribe, where the tribal relations and government existed at the time of such marriage, and there was no federal

statute rendering the tribal custom invalid, will be recognized by the courts as a regular and valid marriage for all purposes.

"(a) And the same effect is also given to the dissolution of marriages, under the customs of the tribe, as given to the marriage relation itself."

In Oklahoma Land Co. v. Thomas, 34 Okla. 681, 127 Pac. 8, on this subject, Mr. Justice Sharp, for the court, wrote a very exhaustive and illuminating opinion, citing and quoting from numerous authorities, and in the interest of brevity reference is hereby made to that opinion.

In the light of these authorities, we conclude that the trial court committed no error in finding that the separation of these parties was, in legal effect, a divorcement.

It is next contended by plaintiff in error that the trial court erred in admitting evidence showing what the tribal customs were relative to separation when the tribal customs had not been pleaded in the answer. As we view it, this assignment of error is without merit. The action is one primarily in ejectment and the answers of the several defendants were general denials, which, under the authorities, was sufficient to enable them to introduce evidence on all defenses, legal and equitable, which they might have. Section 468, C. O. S. 1921; Eller v. Noah, 66 Okla. 222, 168 Pac. 819; Lindeberg v. Messman, 95 Okla. 64, 218 Pac. 844.

Under the facts, as disclosed by the record in this case, the trial court could have reached no other just conclusion and could have rendered no other proper judgment, and such judgment is in all things affirmed.

All the Justices concur.