## THOMAS v. HEALEY.

No. 20376. Opinion Filed Oct. 6, 1931. Rehearing Denied Oct. 27, 1931.

Lewis E. Neff and William Neff, for plaintiff in error.

Norvell & Norvell, for defendant in error.

HEFNER, J. Lizzie Thomas, as plaintiff, brought this action in the district court of Seminole county against William J. Healey, as defendant, to recover an undivided one-half interest in the allotment of Watty, a full-blood Seminole Indian.

Plaintiff contends that she was the lawful wife of Watty at the time of his death and was entitled to inherit an undivided one-half interest in his allotment. Plaintiff obtained judgment against defendant by default on the 29th day of March, 1928. This judgment was vacated on the 1st day of August, 1928, on the motion of defendant on the ground that it was void on its face. Thereafter the case was tried to a jury and resulted in a verdict in favor of defendant.

Plaintiff first con'ends that the judgment should be reversed because the court erred in vacating the former judgment. This order was entered on August 1, 1928, the appeal was filed May 18, 1929. It was not filed within six months after the rendition of the order. We are, therefore without jurisdiction to consider this question. Lamme v. Skelton, 106 Okla. 214, 233 P. 705.

It is next contended that the judgment is not sustained by the evidence and is contrary to law. The defense was that the plaintiff and Watty were divorced prior to Watty's death and that plaintiff was therefore not entitled to inherit any part of his allotment. Plaintiff admits that she and Watty were separated prior to Watty's death and that subsequent to the separation both again married, but she contends that they were never legally divorced.

Defendant contends that plaintiff and her former husband were divorced in accordance with tribal laws and custom and that at the time they separated such divorces were recognized as legal in this state.

It is agreed that the law of the Seminole Tribe of Indians, relating to divorce, is as follows:

"Article One. Any person having been married according to the laws, and are living together, taking care of each other as man and wife in their own house, and one should leave the other without the fault of the other, shall pay the party so left the sum of $50.

"Article Two. But it shall not be lawful for either party to allege a complaint at law against the other immediately upon separation, and no action shall be taken according to law until two months have elapsed after separation.

"Article Three. After the legal proceedings have been had, either party shall be entitled to take their individual property or goods away with them.

"Article Four. Providing, however, that if they have any property in common, or that is, if they have accomplished any work of value together, or their property is so mixed that it cannot be easily determined by the parties, then it shall be the duty of the council to award to each their individual share.

"Article Five. But in the event that if either party shall not complain upon the separation of the other, according to law, for a period of six months, they shall be deemed to have been legally divorced."

If this law was in force at the time of the alleged divorce, the divorce is valid and will be recognized and upheld by the courts of this state.

In the case of Unussee v. McKinney, 133 Okla. 40, 270 P. 1096, this court said:

"A marriage contracted between members of an Indian tribe, in accordance with the customs of such tribe, where the tribal relations and government existed at the time of such marriage, and there was no federal statute rendering the tribal custom invalid, will be recognized by the courts as a regular and valid marriage for all purposes. And the same effect is also given to the dissolution of marriages, under the customs of the tribe, as is given to the marriage relation itself."

In this case a divorce was had according to tribal custom in the year 1902 or 1903. It was there contended that the tribal laws were abolished by Act of Congress of June 7, 1897, and that divorces granted according to the law and custom of the tribe were invalid after that date. In disposing of this question, the court said:

"It is the contention of plaintiffs in error that the Act of Congress of June 7, 1897, 30 Stat. 62, giving the United States courts jurisdiction in the Indian Territory after January 1, 1898, and section 28 of the Act of Congress of June 28, 1898, commonly known as the Curtis Bill and which became effective as to the Chickasaw, Choctaw, and

Creek Tribes of Indians on October 1, 1898, dissolves the tribal courts and since they have not invoked the jurisdiction of the courts substituted by Congress for the tribal courts, that the tribal separation customs could not operate as a dissolution of the marital relations.

"This court, however, has decided adversely to this contention in Buck v. Branson, 34 Okla. 807, 127 P. 436, and James v. Adams, 56 Okla. 450, 155 P. 1121, in the first paragraph of the syllabus, in which cases this court held that:

"'A marriage contracted between members of an Indian tribe, in accordance with the customs of such tribe, where the tribal relations and government existed at the time of such marriage, and there was no federal statute rendering the tribal customs invalid, will be recognized by the courts as a regular and valid marriage for all purposes. (a) And the same effect is also given to the dissolution of marriages, under the customs of the tribe as is given to the marriage relation itself.'"

The holding in this case was followed and approved in the case of Hayes v. Simmons, 136 Okla. 206, 277 P. 213. There it was said:

"This question has been recently before this court in the case of Unussee v. McKinney, 133 Okla. 40, 270 P. 1096. In that case Mistaley Chupco, a full-blood Creek Indian, was the allottee of, and died the owner of, the land involved in that suit. He and Nicey Unussee began living together as husband and wife in 1899. In 1902 or 1903, they voluntarily separated, and in 1903 or 1904 Nicey and Barnosee Unussee began living together as husband and wife. They reared a family of four children, and were still living together as husband and wife during the progress of the litigation. After the separation of Mistaley Chupco and Nicey, Mistaley and an Indian woman by the name of Yarner were united by ceremonial marriage, and continued to live together as husband and wife until 1920, when Mistaley died, Nicey Unussee claimed to be the lawful wife of Mistaley Chupco at the time of his death, and brought an action to recover his allotment. It was contended in that case, just as it is in the instant case, that after the passage of the Curtis Bill the tribal separation custom could not operate as a dissolution of the marital relations. This court held against that contention and held the separation in 1902 or 1903 according to the Creek tribal custom was in legal effect a divorcement."

Under the evidence offered in the case at bar on behalf of the defendant, plaintiff and her husband were divorced in accordance with the tribal law some time in the year 1903. The trial court on this question charged the jury as follows:

"You are further instructed that prior to April 28, 1904, the divorce laws of the Seminole Tribe of Indians was in force, and that in this connection you are instructed that the divorce laws have been defined to you; and if you find by a preponderance of the evidence that they separated before April 28, 1904, and no one made complaint for a period of two months, that the law gave them a divorce without any further complaint or any further objections."

Since no objection was made to this instruction, both parties are bound by it. The case was tried throughout on the theory that a divorce of members of the Seminole Tribe of Indians in accordance with tribal custom and law, was valid prior to April 28, 1904. The evidence is sufficient to sustain the finding of the jury that plaintiff and her former husband were divorced in accordance with tribal law and custom some time during the year 1903.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents.