### SCHMID v. FARRIS et al.

No. 23118. Nov. 13, 1934.

446

G. F. Womack and S. H. Singleton, for plaintiff in error.

C. J. Brown and C. F. Twyford, for defendants in error.

PER CURIAM. The facts in this case may be briefly summarized as follows: R. H. Runnels filed an action in the district court of Oklahoma county against Rebecca E. Barnes et al., including Julia A. Hendricks and F. G. Martin, alleging in substance that the plaintiff was the owner and holder of certain numbered tax certificates issued by the county treasurer of Oklahoma county, and sought to foreclose a tax lien thereunder against various properties described in the petition, one of the properties being the basis of this action in this appeal, the title to which stood in the name of Julia A. Hendricks. Service was had in that case upon the defendant Julia A. Hendricks, particularly, by publication, which service the court approved. Judgment went in favor of the plaintiff by default for foreclosure of the tax lien and ordering the property sold. Thereafter sheriff's deed was issued and delivered to the plaintiff R. H. Runnels for the various tracts of land involved in said petition and including the tract involved herein. Runnels then sold the property to one of the defendants in error herein, Leo G. Mann, on June 9, 1930, and thereafter said Mann conveyed one-fourth interest each to the other defendants in error herein, Roy St. Lewis, John Farris, and Twyford & Smith, retaining to himself one-fourth interest. The judgment on which the sheriff's deed was based became final by reason of no appeal being taken therefrom. Later, and on October 18, 1930, the said Julia A. Hendricks, one of the original defendants in the tax lien foreclosure action, conveyed the lots involved in this appeal to one Dudley C. Hendricks, and a few days later Dudley C. Hendricks delivered his quitclaim deed to W. A. Schmid. The deed from Runnels was on record, as well as was the deed from Mann to Farris. When defendants in error learned that plaintiff in error had the deed of record, they requested that Schmid remove the cloud caused by the recording of said deed, which Schmid refused to do, and this action was filed by defendants in error herein, plaintiffs below, against plaintiff in error, defendant below, to cancel said deed as a cloud upon the title of said land, and for $5,000 damages for maliciously and knowingly clouding the title. Defendant below then filed demurrer and motion to make more definite and certain, which were dismissed by the court for want of prosecution, and thereafter defendant filed answer denying the ownership of the plaintiffs of said lots, and asserting title in himself by reason of the deed aforesaid, and by way of cross-petition seeks to quiet his own title and cancel the deed to the plaintiffs below by alleging that the proceedings upon which the said sheriff's deed was based were void and of no effect because the petition wholly failed to state a cause of action against the said Julia A. Hendricks, the predecessor in title of the said defendant and one of the defendants involved in said tax lien foreclosure action. Trial by jury was waived, and the court rendered judgment generally in favor of the plaintiffs below and against the defendant below, and made a special finding of fact that the plaintiffs were the owners in fee simple of the said real estate and that the deed taken by the defendant constituted a cloud upon the title of the plaintiffs and should be removed as such, and further found that the plaintiffs were entitled to recover $500 as damages against the defendant (Schmid), unless said defendant, within 30 days from the 29th day of May, 1931, made arrangements to allow the town lots involved herein to participate in an oil and gas leasehold on the block in which said lots were situated in Oklahoma City, Okla., from which judgment said defendant, Schmid, perfected this appeal.

It will readily be seen that the answer and cross-petition of the defendant below leveled a collateral attack on a prior judgment of the district court of Oklahoma county, and it is the well-settled rule of this court that where a court has jurisdiction of the subject-matter of a cause of action, and of the parties thereto, a judgment in such action is not void from the mere fact that a petition or a cross-petition therein, upon which such judgment is based, does not state a cause of action; such judgment may be erroneous and voidable on appeal, but is binding on the parties in a collateral proceeding. Fowler v. Marguret Pillsbury Hospital, 102 Okla. 203, 229 P. 442; Lindeberg v. Messman, 95 Okla. 64, 218 P. 844.

The petition in said foreclosure action states a cause of action, though probably not as fully as it might have done, and it appearing upon the face of the record herein that the court below in said foreclosure action had such jurisdiction of the subject-matter and of the parties in the said foreclosure action, and rendered a judgment therein, which became final through lack of an appeal therefrom, said judgment cannot be collaterally attacked herein.

The sheriff's deed under and by virtue of which defendants in error herein predicated

their action in the court below, is of itself prima facie evidence that the grantee therein holds all the title and interest in the lands conveyed thereby that was held by the judgment debtor (Julia A. Hendricks) at the time of the rendition of the said judgment, or at any time thereafter up to the sale of the premises; and is prima facie evidence of the validity of the judgment upon which sale was based. And based upon this premise, it necessarily follows that the plaintiff in error herein cannot be heard to call into question the sufficiency of the judgment or the legality of the sheriff's deed based thereon in the manner attempted by the plaintiff in error in this case. Lindeberg v. Messman, supra.

Plaintiff in error's action herein was not a proceeding to set aside a judgment on account of fraud, nor a proceeding to set aside a judgment on publication in the manner provided by the statute therefor, but was a strict collateral attack upon the judgment of the district court of Oklahoma county, Okla., in the said foreclosure action.

It is also the well established rule of this court that no judgment of a court of general jurisdiction may be collaterally attacked, unless the judgment is void upon its face. Lynch v. Collins, 106 Okla. 133, 233 P. 709; Griggs v. Brandon, 132 Okla. 180, 269 P. 1052.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys John F. Pendleton, Fred M. Carter, and Hayes McCoy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Pendleton, and approved by Mr. Carter and Mr. McCoy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.