(No. 25133.—

JOHN R. BAKER, Trustee, Appellant, *vs.* ADELBERT BROWN, Appellee.

*Opinion filed October 10, 1939—Rehearing denied Dec. 6, 1939.*

JOHN M. LEE, (DANIEL D. TUOHY, of counsel,) for appellant.

WOODS, WOODS, BROWN & SALTER, (LESLIE E. SALTER, and ADELBERT BROWN, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

John R. Baker, as trustee, recovered a judgment of $6419.07 in the circuit court of Cook county, against the

defendant, Adelbert Brown. The action was based upon a judgment of the district court of Oklahoma county, Oklahoma, (hereinafter referred to as the Oklahoma court,) for $4744.39, entered on September 14, 1932. An appeal was taken to the Appellate Court for the First District, where the judgment of the circuit court was reversed and judgment entered in favor of the defendant. A petition to appeal to this court was allowed. The question involved is whether the judgment of the Oklahoma court against the appellee, Adelbert Brown, is void and subject to collateral attack in the courts of this State.

The plaintiff, John R. Baker, trustee, sued in the Oklahoma court as assignee of the rights of certain taxpayers. The petition alleged, in substance, that one M. E. Durham had contracted with various taxpayers to recover taxes paid under protest, upon a twenty-five per cent commission basis. It was alleged that Durham employed the law firm of Brown & Stater (of which appellee was a member) upon a fee basis of eleven per cent of the amount recovered, to bring suit to obtain a refund of the taxes in question. Refunds were obtained and paid but the judgment for the refund was afterward set aside and the taxpayers required to repay the amount refunded. The petition further alleges that Durham, Brown and Stater had knowledge of the terms of the contract under which a commission was payable and were not entitled to retain any money until there had been actual reduction in taxes. The petition prays for recovery against Durham, Brown and Stater for the full twenty-five per cent and alleges: "There is due and owing to the plaintiff from the defendant, M. E. Durham, as an individual and as one doing business under the name of the Taxpayers Association, and from Adelbert Brown and Gordon Stater, both as individuals and as partners doing business under the name of Brown & Stater," the sum of $4744.39, with interest at the rate of 6% from January 20, 1930, until paid. The amount sought to be recovered was

made up of several claims. The first cause of action was based upon retention of $1006.07 from a tax claim of $4024.32 made by the New State Ice Company. Eleven other causes of action were alleged, of the same character except as to the name of the taxpayer and as to the amount claimed.

The defendants in the Oklahoma suit were personally served with process which notified each defendant "unless said defendant answers, judgment will be taken for the sum of $4744.39 with interest at 6% from the 20th day of January, 1930." Durham and Stater filed their answer and each of them filed a cross-petition, asserting, in substance, that the defendant Adelbert Brown was primarily liable, and claimed judgment against him for any sum or sums for which they might be adjudged responsible. Adelbert Brown defaulted. Upon trial, judgment was entered for the plaintiff and certain findings made, including the following: "That among other things it finds that Adelbert Brown and Gordon Stater as partners doing business under the firm name of Brown & Stater are liable to the plaintiff for 11% of the gross or total amount of money obtained from the county treasurer of Oklahoma county for the twelve taxpayers herein involved under the original journal entries in the case of *Abernathy* v. *Boneparte*, 55507-A-B, which were subsequently set aside, which said 11% amounts to $2061.64 with interest at 6% from January 20, 1930, until paid, and costs, and that M. E. Durham and Adelbert Brown, jointly and severally are liable to the plaintiff for the sum of $2061.64 with interest as aforesaid, and that said M. E. Durham and Adelbert Brown, jointly and severally are liable to the plaintiff for the additional sum of $2682.75 with interest at 6% from January 20, 1930, until paid." The Oklahoma court thereupon entered the following judgment: "That plaintiff John R. Baker, as Trustee, do have and recover of and from the defendants Brown & Stater, a co-partnership composed

of Adelbert Brown and Gordon Stater, both of whom were personally served with summons herein, the sum of $2061.64 with interest at 6% from January 20, 1930, and costs of this action. * * * And be it further ordered, adjudged and decreed that the plaintiff John R. Baker, as Trustee, do have and recover said sum of $2061.64, with interest at the rate of 6% per annum from January 20, 1930, until paid, and the costs of this action of and from M. E. Durham and Adelbert Brown and each of them, and that in addition to said sum of $2061.64 with interest and costs as aforesaid, plaintiff do have and recover of and from M. E. Durham and Adelbert Brown and each of them the additional sum of $2682.75 with interest at 6% from January 20, 1930, making the total amount to be recovered by plaintiff from M. E. Durham and Adelbert Brown and each of them, the sum of $4744.39 with interest at 6% from January 20, 1930, until paid, and costs, for all of which let execution issue." The Oklahoma court also entered a judgment in favor of the defendant Stater against his co-defendant Brown, based upon the allegations of his answer that he had returned to Brown, for repayment to the plaintiffs, the sums received by him as fees. Stater is not a party to this proceeding.

In the circuit court of Cook county appellee filed an answer denying he was indebted in the sum of $4744.39 or any other sum, and alleging that the purported judgment was void upon its face for the reason that the issues raised by the pleadings in the Oklahoma case would only support judgment against him in the sum of $2061.64 and that it improperly entered a judgment in favor of Stater, against him, as pointed out above. The plaintiff offered in evidence a record of the proceedings and judgment in the Oklahoma court, properly authenticated and certified.

Under the constitution of the United States the public acts, records and judicial proceedings of each State must be given full faith and credit in the courts of every other

State. It is admitted that the district court of Oklahoma had general jurisdiction of the subject matter of the suit and that the court had jurisdiction of the person of the defendant Adelbert Brown by personal service.

The general rule is, a judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in any collateral action or proceeding, except for fraud in its procurement, and even if the judgment is voidable and is so illegal or defective that it would be set aside or annulled on a proper direct application, it is not subject to collateral impeach-, ment so long as it stands unreversed and in force. (*People* v. *Sterling*, 357 Ill. 354; *East St. Louis Lumber Co.* v. *Schnipper*, 310 id. 150; *Weberpals* v. *Jenny*, 300 id. 145; *Donner* v. *Highway Comrs.* 278 id. 189; *Miller* v. *Rowan*, 251 id. 345; *Figge* v. *Rowlen*, 185 id. 234.) This rule is so well settled it is not open to question.

It is contended by appellee, however, that the general rule above stated does not apply to the present case because it is claimed the Oklahoma court lacked jurisdiction of the subject matter for the reason that the pleadings were insufficient to support a judgment against the defendant Brown in a sum in excess of $2061.64. Is this position sound when it is admitted the suit was one that could properly be brought in the Oklahoma court and personal service of summons was had upon appellee, in a case where the attack is made in a collateral proceeding? In 1 Freeman on Judgments, (5th ed.) sec. 357, the author says: "If the court in rendering the judgment stays within the powers conferred upon it by law and does not transcend the jurisdiction it has acquired in the particular case, its decision, however erroneous, is at most voidable and not for that reason subject to challenge in an independent proceeding. The decision may be palpably wrong in its deduction from the facts or its conclusion upon the legal points

presented, but these are matters for direct relief, available on appeal and reasons perhaps for reversal; they cannot be pleaded against the record collaterally, for to say that a court is divested of its jurisdiction to decide matters properly brought before it by deciding them erroneously, is to deny it the very power it is called upon to exercise."

The rule in Illinois is even broader than set forth in the text above. In *O'Brien* v. *People,* 216 Ill. 354, it is said: "If the court has jurisdiction of the subject matter and of the parties, nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. A bill may state conclusions, but if not demurred to and the evidence supports a decree conforming to the general allegations of the bill and the decree is within the power of the court to render, the court has jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction. [Citations] Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. [Citations] Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches and the court has power to decide whether the pleading is good or bad. [Citations] Jurisdiction does not depend upon the rightfulness of the decision. It is not lost because of an erroneous decision, however erroneous that decision may be. [Citations.]"

This case was followed in *O'Connor* v. *Board of Trustees,* 247 Ill. 54, setting forth at length the quotation above. In the late case of *People* v. *Sterling, supra,* the binding effect of a judgment in a collateral proceeding is there even

more forceably announced: "We find the rule to be firmly established in American jurisprudence that a judgment of a court of competent jurisdiction, having jurisdiction of the subject and the parties by legal process duly served, where no appeal, writ of error, *certiorari,* review or other legal process lies for revising, reversing or affirming such judgment, or where no such process is commenced by the party who would void the judgment in the mode and at the time prescribed by law, is conclusive upon the same parties in any other proceeding in law, in equity, or before any other judicial tribunal."

The precise objection made by appellee seems to have been determined adversely by the Supreme Court of Oklahoma. In *Schmid* v. *Farris,* 169 Okla. 445, 37 Pac. (2d) 596, the court held: "It is a well-settled rule of this court that where a court has jurisdiction of the subject matter of a cause of action, and of the parties thereto, a judgment in such action is not void from the mere fact that a petition or cross-petition, upon which such judgment is based, does not state a cause of action; such judgment may be erroneous and voidable on appeal, but it is binding upon the parties in a collateral proceeding."

In *Goldsmith* v. *Owens,* 180 Okla. 268, 68 Pac. (2d) 849, it was decided that where there was jurisdiction of the parties and the subject matter, a judgment upon any petition invoking the action of the court could not be assailed collaterally because of the insufficiency of the allegations in the petition.

There is a clear distinction between the effect of a judgment which may be set aside or vacated because of error in reaching the wrong conclusion upon the facts or the pleading, and one that is void because of want of jurisdiction of the person or the subject matter. The first is merely erroneous and unless set aside by the same court, or corrected upon review, cannot be collaterally attacked. On the other hand, a judgment by a court lacking jurisdiction

is void—in effect it is not a judgment—and may be attacked in any collateral proceeding by showing the lack of jurisdiction. The apparent conflict of authorities grows out of what is understood by jurisdiction. It is admitted the Oklahoma court had the authority to try a case of the nature brought by the plaintiff and personal service of summons was made upon the defendant. It, therefore, had jurisdiction as understood and defined by law, to enter a judgment. There was a direct claim in the petition against appellee for the sum of $4744.39, and a notification that judgment would be taken for that amount if he did not answer. It may be that the complaint was somewhat informal and it might not be sufficient upon objection but it did notify appellee of a suit pending that the court had power to decide. If the Oklahoma court erred in its judgment it was not for want of jurisdiction which renders a judgment void in a collateral proceeding. It is beside the point, here, to say that the Oklahoma court decided the matter wrong under the pleadings, because obviously the power to decide includes the power to decide wrong, (*United States* v. *Coronado Beach Co.* 255 U. S. 472, 65 L. ed. 736,) and an erroneous decision is as binding as one that is correct, until set aside or corrected in the manner provided by law *O'Brien* v. *People, supra.*

The cases cited by appellee do not support his proposition. The case of *Standard Savings & Loan Ass'n* v. *Anthony Wholesale Grocery Co.* 62 Okla. 242, 162 Pac. 451, was a suit which involved the foreclosure of a mortgage in which no personal judgment was sought but in which a personal judgment was entered. Upon motion *in the same proceeding* the execution was vacated.

In *Rogers County Treasurer* v. *Bass & Harbor,* 47 Okla. 786, 150 Pac. 706, a certain defendant was dismissed out of the case and afterwards a judgment was entered against him. The judgment was voided because of the lack of jurisdiction of the person of the defendant.

*Angelea* v. *McMaster,* 17 Okla. 507, 87 Pac. 660, involved a judgment entered against a person who was not a party to the suit, which was set aside and vacated on motion in the same suit under a statutory provision providing that such vacation could be made at any time.

*Nero* v. *Brooks,* 116 Okla. 279, 244 Pac. 588, was a case in which there was no service of process upon the defendant Brooks, and the case of *Holschouser* v. *Holschouser,* 166 Okla. 45, 26 Pac. (2d) 189, was a case where the judgment of the lower court was reversed upon appeal for going further than the pleading justified.

The cases of *Van Dyke* v. *Illinois Commercial Men's Ass'n,* 358 Ill. 458, and *Pembleton* v. *Illinois Commercial Men's Ass'n,* 289 id. 99, were both cases where the court held that there was no jurisdiction over the *person* of the defendant and, therefore, not in point here.

The circumstances justifying relief in these cases are not present in the case at bar; in part of them there was a total lack of jurisdiction of the person, one of the essentials of a valid judgment, and in the others the error was corrected in the same proceeding, either by motion or by appeal, and they in no way conflict with the holding in *Goldsmith* v. *Owens, supra.*

It is not for this court to review a decision of the district court of Oklahoma on the merits or to re-try the case upon the pleadings submitted to that court if the latter has jurisdiction.

The judgment of the Appellate Court for the First District is reversed, and the judgment of the circuit court of Cook county is affirmed.

> *Judgment of Appellate Court reversed;*
> *Judgment of circuit court affirmed.*